SAUL WOLF, Respondent, v. IRVING FURIE et al., Appellants.— Action to recover the amount of commissions plaintiff claims he would have earned as a real estate broker, but of which he was deprived by the alleged conspiracy of defendants. Order granting motion to strike separate and distinct defense of *res judicata* from answer of defendants, affirmed, with $10 costs and disbursements. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

## (December 15, 1947.)

In the Matter of the Application of BROOKLYN BAR ASSOCIATION. WILLIAM E. MAGEE, an Attorney.— Proceeding dismissed. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

WILLIAM V. ELLIOTT, Public Administrator of Kings County, as Administrator of the Estate of QUIRINO SANTOGROSSI, Appellant, v. FLUSHING SAND AND STONE CO., INC., Respondent, and FLUSHING ASPHALT CORP., Impleaded Defendant-Appellant.— In an action to recover damages for wrongful death, the impleaded defendant and the plaintiff appeal from an order granting reargument and on reargument denying the motion of the impleaded defendant to vacate an order granting the impleader. Order affirmed, with $10 costs and disbursements. The original defendant was the owner of the truck involved in the accident. That defendant rented the truck and furnished the chauffeur to the impleaded defendant. Whether the chauffeur was at the time of the accident the servant of the original defendant or of the impleaded defendant is a question of fact. The circumstance that the chauffeur was being paid by the original defendant does not prevent a finding that he was at the time of the accident the servant of the impleaded defendant. (*Wyllie* v. *Palmer*, 137 N. Y. 248; *Higgins* v. *Western Union Telegraph Co.*, 156 N. Y. 75; *Osborg* v. *Hoffman*, 252 App. Div. 587, affd. 280 N. Y. 523.) The original defendant may be held liable whether the chauffeur was or was not its servant at the time of the accident. (*Irwin* v. *Klein*, 271 N. Y. 477.) If the original defendant is held liable solely as the owner of the truck, that is, under section 59 of the Vehicle and Traffic Law, it is entitled to indemnity from the impleaded defendant if it be found that the chauffeur was the servant of the impleaded defendant at the time of the accident. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

FRANCES GUERCIO et al., Appellants, v. NEW YORK LERNER COMPANY, INC., Respondent.— In an action by plaintiff wife to recover damages for personal injuries sustained by her as the result of slipping and falling at the entrance to defendant's store, and by her husband for expenses and loss of services, order setting aside the verdict of a jury in favor of plaintiffs and dismissing the complaint, and the judgment entered thereon, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post*, p. 816.]