JENNIE DITTMAN, Respondent, v. EARL J. DAVIS et al., Defendants, and ALL STATES FREIGHT, INC., et al., Appellants. HELEN RUTISHAUSER, Respondent, v. EARL J. DAVIS et al., Defendants, and ALL STATES FREIGHT, INC., et al., Appellants.— Defendants appeal from the judgments rendered against them and in favor of the plaintiffs in the above two actions in negligence, in the Supreme Court, Montgomery County, and from orders denying motions made under section 549 of the Civil Practice Act to set aside the jury verdicts upon which the judgments were rendered after a joint trial and for a new trial. Defendant All States Freight, Inc., further appeals from an order in the action, wherein Jennie Dittman is plaintiff, which denied its motion for judgment over on its cross complaint against defendants Middle Atlantic Transportation Co., Inc., and Burchard B. Hawk for any sum it is required to pay said plaintiff on the judgment recovered by her. On all questions presented as to the weight and sufficiency of the evidence to establish actionable negligence, plaintiffs' freedom from contributory negligence and the nature and extent of their injuries and damages, we consider the verdicts were amply sustained by evidence. The liability established as to defendant, All States Freight, Inc., was occasioned solely by section 59 of the Vehicle and Traffic Law. That statute, designed in the interests of public safety in the exercise of the police power of the State, is applicable to it despite the fact of engagement in interstate commerce. (People v. Rueffer, 279 N. Y. 389; Cuyahoga River Power Co. v. Akron, 240 U. S. 462; 11 Am. Jur., Constitutional Law, §§ 255, 265, 271; 16 C. J. S., Constitutional Law, §§ 177, 184.) Such liability was, under the undisputed evidence, wholly derivative from the affirmative acts performed by the remaining defendants and which have been found to constitute negligent operation of the motor vehicle equipment involved in the accident wherein plaintiffs were injured, and which was owned by and registered in the name, All States Freight, Inc., but by its permission and consent was at that time in the exclusive custody and control of and was being operated by said other defendants only in the course of their business and occupation. It is, therefore, considered that All States Freight, Inc., proved a case which entitled it to a judgment over on its cross

complaint against the other defendants for such sum of money as it be compelled to pay on the plaintiffs' judgment in said action. (*Village of Port Jervis* v. *First Nat. Bank of Port Jervis*, 96 N. Y. 550; *Oceanic Steam Nav. Co.* v. *Campania Transatlantica Espanola*, 134 N. Y. 461; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354, affd. 185 N. Y. 580; *Scott* v. *Curtiss*, 195 N. Y. 424, 428; *Lobello* v. *City of New York*, 268 App. Div. 880, affd. 294 N. Y. 816; *Doyle* v. *Union Ry. Co.*, 276 N. Y. 453; *Toth* v. *Kennedy & Smith, Inc.*, 259 App. Div. 855.) Judgments and orders appealed from in the above actions affirmed, with costs to respective plaintiffs-respondents, except as to the order which denied the motion of defendant, All States Freight, Inc., in the action wherein Jennie Dittman is plaintiff, for judgment on its cross complaint against defendants, Middle Atlantic Transportation Co., Inc., and Burchard B. Hawk, which said order is reversed, on the law and on the facts, and the motion granted and judgment directed in favor of All States Freight, Inc., against Middle Atlantic Transportation Co., Inc., and Burchard B. Hawk for such sum of money as it may be required to pay on said plaintiff's judgment in that action, with costs. Heffernan, Brewster, Foster and Russell, JJ., concur; Hill, P. J., concurs: I think the summation of respondent Dittman was improper and inflammatory but there seems to have been no proper objection taken thereto. [See *post*, p. 856.]