123 So.2d 273 (1960)
Kay HUTCHINS, Appellant,
v.
FRANK E. CAMPBELL, INC., Appellee.
No. 1568.
District Court of Appeal of Florida. Second District.
August 31, 1960.
Rehearing Denied October 3, 1960.
Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellee.
OVERSTREET, MURRAY W., Associate Judge.
This is a rather odd case. Originally, Ethel H. Hughes and Cyril A. Hughes, her husband, filed suit in the Circuit Court of Palm Beach County, Florida, against Frank E. Campbell, Inc., Kay Hutchins, and Booker T. Johns. The complaint alleged that on January 19, 1957, at the intersection of Dixie Highway and Hunter Street in West Palm Beach, Booker T. Johns, while the agent, servant or employee of Frank E. Campbell, Inc., and then and there acting in that capacity, negligently drove a motor vehicle owned by Kay Hutchins *274 against a motor vehicle then and there owned and operated by Ethel H. Hughes, and caused damages and injuries to Ethel H. Hughs and her car. The defendant Booker T. Johns never could be located, or served with process, or produced to testify by deposition or otherwise. The defendants Kay Hutchins and Frank E. Campbell, Inc. filed answers. The defendant, Kay Hutchins also filed cross-claim against cross-defendant, Frank E. Campbell, Inc. During the progress of the case, the plaintiffs, Ethel H. Hughes and Cyril A. Hughes, were paid off for the apparent sum of $30,000, and the case was dismissed as to them, without prejudice to the rights of cross-claimant and cross-defendant to further litigate their differences. Later, cross-claimant and cross-defendant stipulated that their case might be tried by the Court without a jury, and that cross-claimant would be entitled to recover $15,000 or nothing. In the cross-claim it was alleged that on January 18, 1957, a Chrysler automobile owned by Frank E. Campbell, Inc., became disabled on Ardmore Road in West Palm Beach, some distance from the place of business of cross-defendant; that on January 19, 1957, John W. Hutchins, Vice-President of Frank E. Campbell, Inc., acting on behalf of said corporation, directed Dick Vogel and Booker T. Johns, employees of the corporation, to proceed in the automobile owned by Kay Hutchins to the place where the company Chrysler was standing in a disabled condition, to make temporary repairs to the Chrysler, and on the way back to the company's place of business, to return Kay Hutchins' car to her at her residence at 210 Miramar Way, West Palm Beach; that after repairing the company car, and during the course of the journey from Ardmore Road to the residence of Kay Hutchins, the accident alleged in plaintiff's complaint occurred; that the Kay Hutchins car had been entrusted or bailed by Kay Hutchins to Frank E. Campbell, Inc.; that Booker T. Johns was using and driving the Kay Hutchins car for the use and in the course of business for Frank E. Campbell, Inc. at the time of the accident; that the negligent and careless operation of the Kay Hutchins automobile was the cause of the collision with the Hughes car and created the damages and injuries for which the Hughes brought suit, and that Kay Hutchins should recover her damages from Frank E. Campbell, Inc. Cross-defendant filed answer denying all of the allegations of the cross-claim. John W. Hutchins was the husband of Kay Hutchins. Eventually the cross-claim was tried by the judge without a jury, and on June 18, 1959, the Court entered final judgment in favor of cross-defendant, Frank E. Campbell, Inc., and against cross-claimant, Kay Hutchins. From said judgment, the cross-claimant has appealed.
There does not appear to be any question about the negligence of Booker T. Johns in the operation of Kay Hutchins' car being the proximate cause of the accident and the damages and injuries sustained by the original plaintiffs.
In their brief, counsel for appellant have stated the point involved as follows:
"Whether an owner of an automobile who becomes liable to an injured person by reason of the negligence of one driving the owner's automobile with the owner's knowledge and consent is entitled to indemnity from the employer of the said driver where the automobile was bailed to said employer and where the driver-employee was acting within the scope of his employment at the time the negligent act was committed?"
and in their brief, appellee has stated the point involved as follows:
"Does the record contain sufficient competent evidence to support the judgment of court trying the case without a jury?"
It seems to us that before we can determine the question as stated by appellee, we shall have to consider some of the matters involved in the question as stated by appellant. *275 For example, was there a bailment of her car by Kay Hutchins to Frank E. Campbell, Inc.? And, if so, was there still a bailment by Kay Hutchins to Frank E. Campbell, Inc. at the time of the accident? And, if so, was Booker T. Johns acting within the scope of his employment by Frank E. Campbell, Inc. at the time of the accident?
The testimony presented at the trial by cross-claimant shows that on January 18 and 19, 1957, John W. Hutchins was Vice-President and General Manager of Frank E. Campbell, Inc.; that one of the perquisites of his job was the daily use of a company car to transport himself from work at 117 Worth Court South to home on Miramar Road and back, and the record does not show that he was required to travel any particular route in going to and from home and the company's place of business; that in the afternoon or evening of January 18, 1957, John W. Hutchins started home by a circuitous route in a company owned Chrysler car, stopped for dinner at the home of the McCampbells on Ardmore Road, and when he started on home after dinner the Chrysler would not run because of a dead battery; that Kay Hutchins had driven to the McCampbells that evening in a 1957 Ford automobile, the title to which was vested in her name; that the next morning John W. Hutchins took his wife's Ford with her knowledge and consent and drove to work in it, having told his wife he would return the car to her whenever he could during the day; that when he arrived at the company's place of business, he sent Dick Vogel, with another employee, Booker T. Johns, in the Kay Hutchins car to the McCampbell residence, with instructions to repair the Chrysler, return Kay Hutchins' car to her at her home, and then come on back to work; that after repairing the Chrysler, and while still carrying out the aforesaid instructions. Dick Vogel in the Chrysler and Booker T. Johns in the Ford, proceeded toward the Hutchins' home; that on the way to Kay Hutchins' home but before they had completed their mission for the company according to instructions from John W. Hutchins, said Booker T. Johns wrongfully ran into the Hughes' car and caused the damage and injury which brought about the law suit.
Appellee seems to rely strongly on further testimony that the majority of the money paid for the Hutchins' car was furnished by the husband, John W. Hutchins, and, by cross-examination of John W. and Kay Hutchins along that line, tried to lay the foundation for a legal conclusion that, although the title to the Ford was in Kay's name, it really belonged to John W. Such would be an erroneous conclusion, for even if John W. had furnished all of the money with which to pay for the car, or even if he had made an outright gift of the car to his wife, it was Kay Hutchins' automobile.
By Section 708.08 of the 1959 Florida Statutes, F.S.A., the Legislature of our State has removed most of the legal disabilities of married women so that they may now own, manage, control and deal with their separate property the same as if they were unmarried. Therefore, Kay Hutchins had the right to bail or entrust her automobile to John W. Hutchins for the purpose of transporting himself from home to work, and we think the facts in this case show this to be exactly what she did. We also think the evidence shows beyond doubt that John W. Hutchins was Vice-President and general manager of Frank E. Campbell, Inc.; that one of the perquisites of his job was the daily use of a company car to transport himself from work to home and back; that in the aforesaid official capacity he bailed the Kay Hutchins car to transport himself to work because of the disabled company car; that at the time of bailment he agreed to return Kay's car to her at her residence whenever he could during the day; and that the bailment was not to be terminated until such return of the car.
It appears clearly that as Vice-President and general manager of Frank E. Campbell, Inc., the said John W. Hutchins had the right, and it was his duty, to see that *276 the company Chrysler was temporarily repaired and brought back to the company's place of business; that he had unquestioned authority to delegate and direct the company employees, Dick Vogel and Booker T. Johns, to go to the McCampbell residence to make temporary repairs to the Chrysler so it could be brought back to the used car lot; that he was under obligation to return Kay Hutchins' car to her at her residence; that he had the right and authority, and from a company business standpoint it was a rational and sensible decision to send Vogel and Johns in Kay's car to repair the Chrysler and on the way back to the place of business to return Kay's car to her at her residence; and that while performing this two-fold mission Vogel and Johns were acting within the scope of their employment by Frank E. Campbell, Inc. The mission was never completed and the accident occurred before the bailment was terminated. This being so, Frank E. Campbell, Inc., was liable to Kay Hutchins for the damages sustained by her, which it was agreed would be $15,000, the said Kay Hutchins not having been in pari delicto with Frank E. Campbell, Inc., and having been liable to the Hughes only under the Dangerous Instrumentality Doctrine. See Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 1932, 106 Fla. 330, 143 So. 316; Holstun & Son v. Embry, 1936, 124 Fla. 554, 169 So. 400; Lynch v. Walker, 1947, 159 Fla. 188, 31 So.2d 268; Lunderberg v. Bierman, 1954, 241 Minn. 349, 63 N.W.2d 355, 43 A.L.R.2d 865; Elliott v. Flushing Sand & Stone Co., 1947, 273 App.Div. 782, 75 N.Y.S.2d 333; Dittman v. Davis, 1948, 274 App.Div. 836, 80 N.Y.S.2d 737 and 299 N.Y. 601, 86 N.E.2d 175; Pullman Co. v. Norton, Tex.Civ.App. 1906, 91 S.W. 841.
Even if we should hold that originally Kay Hutchins did not bail or entrust her car to John W. Hutchins as Vice-President and General Manager of Frank E. Campbell, Inc., but let John W. Hutchins use her car merely because he was her husband and as an accommodation to him as such, John W. Hutchins later converted the car to a company use and purpose when, as Vice-President and General Manager of same, he turned the car over to the employees of the company to perform a mission for it, a part of which was to return Kay's car to her at her residence before coming back to the place of business with the repaired company car, and the company was liable to Kay Hutchins for any damages and injuries caused by her car while it was being driven by one of said employees before completion of the mission.
It follows that we must and we do hereby reverse the judgment of the lower Court, and remand the case to said Court with directions and instructions to the judge thereof forthwith to vacate and set aside the judgment appealed from, and to enter judgment in the case in favor of cross-claimant, Kay Hutchins against cross-defendant, Frank E. Campbell, Inc., in the amount of $15,000, plus Court costs.
KANNER, Acting C.J., and SHANNON, J., concur.