171 So.2d 174 (1965)
Eli BORDETTSKY, a/k/a Eli Bordett, Appellant,
v.
The HERTZ CORPORATION, Appellee.
No. 4426.
District Court of Appeal of Florida. Second District.
January 8, 1965.
Rehearing Denied February 8, 1965.
*175 Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Davis W. Duke, Jr., of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
ANDREWS, Judge.
This is an appeal by the defendant, Eli Bordett, from an order granting summary judgment in favor of the plaintiff, The Hertz Corporation.
The defendant rented an automobile from the plaintiff and during the rental period had an accident with Alice Hellens. Hellens filed suit against Hertz and Bordett, but shortly before trial of the cause Hellens settled with Bordett and his insurance carrier, Standard Accident Insurance Company, for the sum of $1250.00, and agreed to execute a covenant not to sue for injuries and to take a voluntary dismissal as to Bordett. A trial was held and the jury returned a verdict against Hertz for $9,000.00.
Said cause was appealed and affirmed by this Court in Hertz Corporation v. Hellens, Fla.App. 1962, 140 So.2d 73. Hertz did not request a set-off as provided by § 54.28, *176 Fla. Stat., F.S.A. Hertz paid Hellens and was reimbursed by its insurance carrier, Atlantic National Insurance Company. The plaintiff then instituted this indemnity action to recover the amount it had to pay Hellens, together with court costs and attorneys' fees.
The rental agreement between Hertz and Bordett shows that he paid an additional $2.00 for collision protection, but no charge is specifically shown for liability protection. The rental agreement states, however, that:
"The renter of the automobile described on the reverse side hereof participates in the benefits of an automobile public liability and property insurance policy subject to the terms, conditions, limitations and restrictions thereof, and is bound by such terms * * *."
The insurance contract that Hertz had with Atlantic National Insurance Company defines "insured" as Hertz and "(1) any person, firm, association, partnership or corporation to whom an automobile has been rented * * * by the named insured [Hertz] * * *." The Atlantic National policy covered only property damage and bodily injury liability, and did not provide collision protection.
The defendant on appeal contends that the plaintiff Hertz cannot sue him for indemnity, and that the trial court erred in granting summary judgment in favor of Hertz. We agree with the defendant.
The owner of an automobile who is only vicariously liable under the "Dangerous Instrumentality Doctrine" for damages to a third party caused by the driver's negligence, is generally entitled to indemnity from the driver. Morse Auto Rentals, Inc. v. Lewis, Fla.App. 1964, 161 So.2d 235; Fincher Motor Sales, Inc. v. Lakin, Fla. App. 1963, 156 So.2d 672; Hutchins v. Frank E. Campbell, Inc., Fla.App. 1960, 123 So.2d 273.
An exception to this rule, however, has been recognized by the Third District Court of Appeal where the rental agreement specifically provided that the rental charges included public liability and property damage insurance to secure the protection. Morse Auto Rentals, Inc. v. Lewis, supra.
The rental agreement provided that the renter of the automobile participated in the benefits of a public liability and property damage insurance policy subject to its terms and conditions. There is no showing of failure to comply with the conditions necessary to secure such coverage.
Hertz contends that even if the defendant was originally insured by it, he "prejudiced his rights" under the contract by failing to attend the Hellens trial and by failing to testify therein, and that this constituted non-cooperation which relieved it of liability under the contract. To constitute a breach of a "cooperation clause," the lack of cooperation by the insured must be material, and the insurer must show that it was substantially prejudiced in the particular case by the insured's failure to cooperate. American Fire and Casualty Co. v. Vliet, 1941, 148 Fla. 568, 4 So.2d 862, 139 A.L.R. 767. Also, before the insurer can rely upon a breach of the cooperation clause it must show that it has acted with reasonable diligence to secure his attendance, and where such attempts are unavailing he may be required to take reasonable steps to obviate the prejudicial effect of such non-attendance by taking the insured's deposition or by seeking continuances until such time as his attendance can be secured. Continuing the cause without taking such action will amount to a waiver of the defense by the insured. 29 Am.Jur., Insurance § 1479; Annot. 60 A.L.R.2d 1150. In Hertz Corp. v. Hellens, supra, it sought a continuance but did not assign as error the court's failure to grant such request. The plaintiff has not shown that it was prejudiced by the defendant's failure to testify nor has it shown that it took steps to require his attendance at the trial.
Other issues raised on appeal have been reviewed, but a discussion thereof is not *177 considered necessary to dispose of the cause.
For the above reasons we hold that the plaintiff cannot recover indemnification from the defendant, and that the trial court erred in granting summary judgment for the plaintiff.
Accordingly, the order appealed from is
Reversed.
SMITH, C.J., and KANNER (Ret.), J., concur.