180 So.2d 351 (1965)
MORSE AUTO RENTALS, a corporation, Appellant,
v.
Anthony PAPANDREA, Dunes Motel, Inc., a corporation, and Vincent Palmisano, Appellees.
No. 65-212.
District Court of Appeal of Florida. Third District.
November 9, 1965.
Rehearing Denied December 9, 1965.
*352 Weinstein & Silverman, Fred Patrox, Miami, for appellant.
Nichols, Gaither, Beckham, Colson & Spence and Robert Orseck, Miami, for appellee Papandrea.
Paul P. Meltzer and Murray Goldman, Miami, for appellees Dunes Motel, and Vincent Palmisano.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
CARROLL, Judge.
This is an appeal by one of the defendants below from an adverse judgment in an automobile accident case. The plaintiff Anthony Papandrea sued Vincent Palmisano, Dunes Motel, Inc. and Morse Auto Rentals.
The automobile involved in the accident was leased by Morse to Dunes. Plaintiff was a passenger therein, in the capacity of a business invitee of Dunes. The driver, Palmisano, was employed by Dunes. Proceeding south on a highway known as U.S. 1 in Dade County, the driver was confronted with a vehicle which crossed in front of him. Just prior thereto the driver had been inattentive, having turned to converse with plaintiff. The driver avoided a collision by sudden braking and deceleration which threw the plaintiff against the windshield. Negligence of the driver was conceded. A partial summary judgment on liability was granted in favor of the plaintiff against the three defendants.
Morse and Dunes each had cross claimed against the other for indemnity. Summary judgment was granted in favor of Dunes against Morse for indemnity, to the limit of the liability insurance which Morse had contracted to provide for the benefit of Dunes. Morse's claim for indemnity was denied. Jury trial on damages resulted in a verdict for the plaintiff for $8,500 against all three defendants. Morse appealed and superseded the judgment.
The appellant Morse asserts, (1) it was error to grant summary judgment in favor of the plaintiff on liability, contending there was a triable issue as to contributory negligence of the plaintiff, and (2) that the trial court committed error in holding the automobile lease agreement entitled Dunes to indemnification from Morse. Those contentions of the appellant have been considered and are found to be without merit.
In contending there was a triable issue as to contributory negligence, appellant argues that the speed at which the automobile was being operated and the action of the driver in turning his head to converse with the plaintiff were such as to have prompted the plaintiff to protest, and that whether or not the plaintiff was contributorily negligent in that respect presented a triable issue.
The rule contended for by appellant was stated and explained in Bessett v. Hackett, Fla. 1953, 66 So.2d 694, 698-699, where the Supreme Court, speaking through Justice Sebring, said:
"An exception to the general rule that a guest riding in an automobile is entitled to trust the vigilance and skill of the driver arises where the passenger knows, or by the exercise of ordinary and reasonable care should know, from the circumstances of the occasion, that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of his passenger. `In such case it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest or other means suitable to the occasion, to control the conduct of the driver. However, before the duty to warn, protest, or take other such action suitable to the circumstances of the case, arises, it is necessary that the occupant should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, *353 and there must be sufficient time and opportunity for the guest to give warning or make protest before the happening of the accident; for a guest in an automobile may know at a particular time what the driver is doing, yet have no reason to realize that it is necessary that he intervene for his own safety. See Restatement of the Law, Volume II, pp. 1282-1284, 1230, 1231, 1262; Huddy's Cyclopedia of Automobile Law, 9th Ed., pp. 257, 258, 265.' Knudsen v. Hanlon  Knudsen v. Balderston, 160 Fla. 566, 36 So.2d 192, 194."
In the instant case the facts before the trial court on plaintiff's motion for summary judgment on liability were inadequate to call into play that exception to the general rule which permits a guest in an automobile to place trust in the vigilance and skill of the driver. The speed employed was within prescribed limits and the evidence did not disclose the existence of driving conditions making the speed unreasonable or excessive. The inattention of the driver, through turning to converse with the passenger, was not shown to be of such frequency or duration, or under such traffic conditions as would justify finding the passenger was negligent in not protesting. There was evidence the driver had turned his attention away from the highway to converse with the passenger earlier in the trip once, and "probably" more. There was an absence of evidence of any prolonged or repeated inattention of the driver which reasonably should have created a feeling of apprehension in the passenger sufficient to prompt his cautionary protest. From the plaintiff's deposition it appears he did not regard the driver's conduct as creating a hazard. On the facts appearing in the evidence before the trial judge, including any inferences reasonably to be drawn therefrom, we conclude, as did the able trial judge, that no triable issue as to contributory negligence was presented.
The matter of indemnity between the lessor and the lessee of the automobile was determined by the trial court from the written lease, and we find no error in the conclusion reached. In the lease Morse undertook to provide Dunes with insurance.[1] Further in the instrument there was a provision whereby the lessee (Dunes) agreed to indemnify the lessor (Morse), "unless otherwise provided herein".[2] On the authority of Bordettsky v. Hertz Corporation, Fla.App. 1965, 171 So.2d 174, and Morse Auto Rentals, Inc. v. Lewis, Fla. App. 1964, 161 So.2d 235, the trial judge could correctly determine that the contract by Morse to obtain insurance entitled Dunes to indemnity.[3]
Affirmed.
NOTES
[1] "6.A. Lessor shall provide public liability and property damage insurance covering the vehicle hereby leased, or substituted under the lease under standard form automobile policies in the amount of $100,000 and $300,000 and $10,000 Property Damage, which shall be at the expense of Lessor, insuring Lessee and Lessor, and any other lienholders, as their interests may appear. All clauses, conditions, requirements, limitations and provisions of the public liability and property damage insurance obtained pursuant to this paragraph are hereby incorporated and made a part of this agreement by reference."
[2] "8. Lessee hereby agrees to indemnify and save harmless Lessor against any and all liability, loss or expenses, including legal expenses, caused or arising out of the use and operation of the vehicle hereby leased by Lessee, his agents and servants during the term of this agreement, or any extension of renewal thereof, unless otherwise provided herein. Should any action be commenced or claim made against Lessee for damage arising from any of the causes stated in the paragraphs of this agreement, Lessee agrees to notify Lessor thereof, within a reasonable time, and cooperate fully in the investigation and defense of all claims and suits."
[3] There was a failure to furnish effective insurance, due to insolvency of the company with which the insurance was placed by Morse.