**NATIONAL INDEMNITY CO., Appellant,**

v.

**RAE'S TOYS, INC., et al., Appellees.**
**No. 23071.**

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1966.

Fred C. Davant and Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, Fla., for appellant.

S. O. Carson, and Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for appellees.

Before WISDOM, BELL, and GODBOLD, Circuit Judges.

PER CURIAM:

The appellees, plaintiffs below, sued National Indemnity Company for costs and expenses which they incurred in defending and settling a personal injury suit filed against David B. Endy, appellees and others, who were claimed in such

suit to be joint venturers. Endy was insured under a $50,000 liability policy of National, on which appellees were additional insureds. This was the primary coverage for appellees; liability insurance available to them on their individual policies was excess insurance above National's $50,000 limits.

National offered to defend appellees, using the same attorney employed by it to defend Endy. They declined this offer, contending it would be to the benefit of Endy and National for appellees to be held in the case to help in covering any excess liability which might arise from a verdict over $50,000 and that this created such adverse interest as would prevent the same attorneys from adequately representing both Endy and appellees.

Prior to trial of the tort suit National's maximum settlement offer to plaintiff therein was $15,000. Appellees and five other defendants, without the knowledge of Endy, National or Endy's counsel, settled with the plaintiff for $3,000 each, a total of $27,000. The trial proceeded against Endy and another defendant not here involved, and during trial National settled with plaintiff for $42,500. Thus plaintiff received total settlements of $69,500, of which National contributed $42,500. Appellees sued National to recover $7,500, the difference between the $50,000 primary coverage afforded by National and the $42,500 thereof which it had paid out.

■■ The District Court found National owed a contractual duty to expend the entire primary coverage of $50,000 and the appellees were entitled to the unexpended balance of $7,500.[1] National contended its contractual obligations had been discharged on the theory that, (a) appellees had been mere volunteers set-

tling their own contingent claims (citing authorities that a mere volunteer who discharges his own liability is not entitled to indemnification), and, (b) that by settling without the knowledge of National they had violated the cooperation clause. It was undisputed that appellees had an exposure. While the District Court found there was no actual conflict of interest in defense of the tort case, counsel for appellees at all times had insisted there was a conflict; National's attorney had taken the position there was not a "present" conflict and that the claimed conflict was "more theoretical than real." Under such circumstances we are unable to say the District Court erred in failing to find that appellees were volunteers or that they acted in such manner as would violate the cooperation clause. Nor is it clear on what theory National claims to have been prejudiced by appellees' actions. Bordettsky v. Hertz Corporation, 1965, Fla.App., 171 So.2d 174; American Fire and Casualty Company v. Collura, 1964, Fla.App., 163 So.2d 784. See generally, Judge Brown's discussion in United States Casualty Company v. Schlein, 5th Cir., 1964, 338 F.2d 169, 173.

■■ National attacks the award of attorney fees made under Florida Statutes Annotated 627.0127, claiming the $7,500 fund will go to appellees' insurance carriers. The statute allows award of a fee upon rendition of a judgment "against an insurer in favor of an insured", which is exactly the situation here. Under Florida law an insurance company which may have paid on behalf of appellees is neither a real party in interest nor even a necessary party. Gould v. Weibel, Fla., 62 So.2d 47.

Affirmed.

---

1. Appellees, though less than all the group of additional insureds who settled with the tort plaintiff, were held entitled to the entire fund of $7,500 as diligent credi- tors who had discovered the asset and brought it into court. National does not specify this as error.