The **HERTZ CORPORATION**, a Delaware corporation, authorized to do business in the State of Florida, Plaintiff,

v.

**RALPH M. PARSONS COMPANY**, a Nevada corporation, authorized to do business in the State of Florida, Defendant.

Civ. No. 64–134–Orl.

United States District Court
D. Florida, Orlando Division.

Aug. 29, 1968.

W. David Rogers, Jr., Orlando, Fla., for plaintiff.

Monroe E. McDonald, Orlando, Fla., for defendant.

## OPINION ON MOTIONS FOR SUMMARY JUDGMENT

GEORGE C. YOUNG, District Judge.

This case is the second appearance in different form of an accident and the resulting circumstances which occurred on September 23, 1962. This Court now passes on the cross motions of the plaintiff and the defendant here for summary judgment.

The undisputed facts are that on September 23, 1962, John P. Nugent, Jr. (hereinafter Nugent), then an employee of the defendant here, Ralph M. Parsons Company (hereinafter Parsons), arrived at the Orlando, Florida, Airport on a business trip for his aforesaid employer which had set up an appointment for him at Cape Canaveral (now Cape Kennedy), Florida. His employer had made his plane and motel reservations, but upon arriving at the Orlando Airport, Nugent himself arranged for the rental of an automobile from the plaintiff here, for the purpose of transporting himself from the Orlando Airport to the motel in the Cape area where accommodations had been arranged for him. He used a credit card furnished by his employer in renting The Hertz Corporation (hereinafter Hertz) automobile and his employer subsequently paid the rental charge.

The accident which gave rise to this dispute occurred on the road between the Orlando Airport and the motel at Cocoa, Florida, while Nugent was en route. A head-on collision occurred between the car driven by Nugent and another car containing a driver and five passengers. Nugent and two of the persons in the other automobile were both instantly killed

and four of the passengers were seriously injured. Lawsuits filed by the survivors in the other car against Nugent and Hertz resulted in judgments against Hertz and Nugent in this Court which were ultimately settled by the payment of $550,000.00.

The plaintiff, Hertz, paid $530,000.00 of the $550,000.00 judgment, having received a contribution of $20,000.00 from the insurance carrier of Nugent and so Hertz seeks indemnification in this case from Parsons.[1]

By previous order of this Court entered April 29, 1966, this Court held that inasmuch as Hertz insured its lessee for $300,000.00 as a part of the rental agreement, it could not recover from either Nugent or the latter's employer any part of that amount so that the amount remaining in controversy here is the balance of $230,000.00.

At the previous trial before this Court wherein the injured parties were the plaintiffs, both parties to the present proceeding were co-defendants along with the estate of Nugent and the same law firm represented them as now represents Hertz. In the damage suit the plaintiffs there had served a request for admission on counsel representing Hertz, Parsons, and the estate of Nugent, requesting an admission that Nugent at the time of the accident was acting in the course and scope of his employment with Parsons. Counsel for said defendants (who now represents Hertz here) never filed or served a response to that request for admission and therefore, pursuant to Federal Rules of Civil Procedure the request was held to have been admitted and the trial proceeded on that basis.

The present counsel for Parsons now seeks to relitigate the employment issue whereas the plaintiff here contends that that question has already been determined in the previous damage suit in which both parties here were parties defendant there.

Hertz contends that the doctrine of estoppel by judgment bars further consideration of the employment issue in this action. While not agreeing that the doctrine of estoppel by judgment is applicable here, it is the opinion of this Court that considering the undisputed evidence on the motion for summary judgment, there is no factual dispute on this issue and that, therefore, the employment issue can be determined as a matter of law in this suit. There is no evidence that Nugent at the time of the accident had made any deviation from the business purpose of the trip, nor is there any evidence that he was in Florida for any purpose other than to serve his employer. An employee whose work entails travel away from the employer's premises is within the course of his employment at all times during the trip other than when there is a distinct departure for nonessential personal errands. N. & L. Auto Parts Company v. Doman, 111 So.2d 270 (Fla.App.1959); Hardware Mutual Cas-

---

1. At the time of the rental agreement and the accident Hertz had the following insurance coverage:
   (1) Atlantic National Insurance Co. $100,000/$300,000/$25,000. This covered each accident and it covered the lessee of the automobile.
   (2) Atlantic National Insurance Co. $950,000 with $50,000 deductible. This covered Hertz only for bodily injury to and death of two or more persons in any one accident.
   This insurance coverage is supported by the following reinsurance agreements and pursuant to those agreements the following sums were expended:

   | | |
   |---|---|
   | (1) Lloyds of London (62/10600) | $ 75,000.00 |
   | (2) Lloyds of London (62/10601) | $273,000.00 |
   | (3) All State Insurance Company | $117,000.00 |

   The remainder was paid in the following manner:

   | | |
   |---|---|
   | (1) Hertz Corp. under deductible | $ 50,000.00 |
   | (2) New Hampshire Ins. Co., Nugent's insurer. | $ 20,000.00 |
   | (3) Hertz as successor to Atlantic National. | $ 15,000.00 |

ualty Company v. Carlton, 150 Fla. 729, 8 So.2d 665 (1942), cited with approval in Thurston v. Morrison, 141 So.2d 291 (Fla.App.1962).

Having determined that on the basis of the undisputed facts that as a matter of law Nugent at the time of the accident was acting in the course and scope of his employment, with the defendant here, Parsons, the next issue is whether Hertz as the owner of the automobile is entitled to indemnification from the driver's employer.

The Fifth Circuit in General Dynamics Corp. v. Adams and Pan-American World Airways v. General Dynamics Corp., 340 F.2d 271 (1965), stated that Florida recognized three types of indemnity situations:

"The first of these, which is not in issue here, is the rare case in which one of two joint actors enters into a formal indemnity agreement * * *.

The second situation is that in which the owner of an automobile is permitted to sue the person who was driving the vehicle at the time of the negligent injury which subsequently resulted in a judgment against the owner.

The third group falls within the principle * * * that as between two persons either of whom may be guilty of negligence causing an injury to a third party, indemnity will be allowed 'where the injury has resulted from a violation of the duty which one (defendant) owes the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury.' "

The second category is represented by the Florida case of Hutchins v. Frank E. Campbell, Inc., 123 So.2d 273 (Fla.App. 1960).

In the Hutchins case, Mrs. Hutchins loaned her car to her husband who was an officer of the defendant, Campbell Corp. Her husband sent two employees of the defendant corporation on an errand on behalf of the corporation. While they were on this errand they had an accident.

The injured parties sued Campbell Corp., on the respondeat superior doctrine and Mrs. Hutchins, the owner of the automobile, on the dangerous instrumentality doctrine. Mrs. Hutchins in turn cross claimed against Campbell Corp. for indemnification.

The Court held that Campbell Corp. was liable to Mrs. Hutchins for the damages sustained by her due to the negligence of the defendant's employee. The fact that Mrs. Hutchins was liable for the original damage to the injured party under the dangerous instrumentality doctrine did not cause her to be considered in pari delicto with the Campbell corporation.

The theory behind the Hutchins case is that although the owner of the vehicle is liable, his liability is the result of imputed negligence. Therefore, between the active tortfeasor and the owner of the vehicle, the owner is secondarily liable and not in pari delicto. The owner and the active tortfeasors therefore are not joint tortfeasors and an action for indemnity lies.

Other Florida cases discuss this point. In Fincher Motor Sales, Inc. v. Lakin, 156 So.2d 672 (Fla.App.1963), the owner of an automobile sued the negligent driver of the auto for indemnification. In overruling the trial court, which held that the employer of the negligent driver, Gulf Land and Title Co., (who was the lessee of the automobile) was an indispensable party, the Court stated:

"Giving effect to the allegation in the motion to dismiss (there was a motion to dismiss for failure to join an indispensable party) that Fincher leased the car to Gulf, and if we assume * * * that the driver was acting for Gulf so as to impose vicarious liability on Gulf for his negligence, the result would be that the driver and Gulf were jointly and severally liable to Fincher for indemnity. Under those circumstances, Fincher having chosen to sue Lakin separately, could not be compelled to join Gulf."

■ This case stands for the proposition that the employer-lessee is liable for indemnity for the acts of its negligent employees. The case is further on point in that the lease agreement between Fincher and Gulf required the former to take out liability insurance which covered and protected Lakin. The only distinguishing factor is that in the Fincher case the car was leased to the employer directly, whereas in the Parsons case the car was leased to the employee, i. e. Nugent. However, since the Court has already determined that Nugent was acting within the scope of his employment when he leased the car, this distinction would not affect the application of *Fincher* to the facts of the case at bar.

The *Fincher* case also stands for the proposition that Fincher, who leased the car, and Lakin, who drove the car as agent for his employer, Gulf Land and Title Co., are not in *pari delicto*. Therefore, since the parties were not in *pari delicto*, the rule denying indemnity between joint tortfeasors does not apply.

"The rule denying contribution between joint tortfeasors is generally limited to cases in which the parties as between themselves stand in pari delicto. In cases where although both parties are at fault and both liable to the person injured they are not in pari delicto as to each other * * * the one so paying may recover from the person primarily liable. In such cases, there exists more than the mere right of contribution, and the claimant is usually permitted to indemnify himself to the full amount against the party primarily liable, as between them, for the tortious act." 7 Fla.Juris. Contribution, Sec. 8.

See also Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So. 2d 349 (Fla.App.1966).

In Bordettsky v. Hertz Corporation, 171 So.2d 174 (Fla.App.1965), the appellant Bordettsky rented a car from the Hertz Corporation and during the rental period had an accident with a third party who brought suit against Bordettsky and Hertz. Prior to trial, Bordettsky settled with the third party but the case proceeded on against Hertz who subsequently paid a $9,000.00 judgment rendered against it. Hertz then proceeded to sue Bordettsky for indemnification of the $9,000.00 loss. The rental contract provided for participation by the renter in the benefits of a public liability policy carried by Hertz.

The Court denied recovery, stating:

"The owner of an automobile who is only vicariously liable under the "Dangerous Instrumentality Doctrine" for damages to a third party caused by the driver's negligence, is generally entitled to indemnity from the driver. * * * "

"An exception to this rule, however, has been recognized * * * where the rental agreement specifically provided that the rental charges included public liability and property damage insurance to secure the protection."

■ Therefore, when the driver is a participant in liability insurance provided by Hertz, the insurer cannot seek indemnification from its insured to the extent of the coverage provided by the policy. This Court in the case at bar has recognized this exception by its order of April 29, 1966, which excluded $300,000.-00 from recovery.

■ It is the conclusion of this Court that from the undisputed fact, as a matter of law, Hertz and Parsons were not in *pari delicto*, and under Florida law, Hertz is entitled to indemnification from Parsons for the monies paid in satisfaction of the judgment in excess of the $300,-000.00 insurance coverage afforded by Hertz and the $20,000.00 received from the insurance carrier of Nugent.

■ Defendant here raises the issue that Hertz is not the proper party defendant but that instead the real parties in interest are the insurance companies from which Hertz received the monies to settle the judgment as previously noted in footnote 1, above. However, it is the

conclusion of this Court that under Florida law Hertz is the proper party to have brought this action. In Gould v. Weibel, 62 So.2d 47 (1952), cited with approval by the Fifth Circuit Court of Appeals as recently as November 23, 1966, in National Indemnity Co. v. Rae's Toys, Inc., 369 F.2d 364, the Supreme Court of Florida said:

"Under the law of this state, the legal right to enforce the claim against the tort-feasor remains in the insured, even after payment of the loss by the insurer, and can be enforced by the insurer only in the right of the insured and, at law, only in the name of the insured for the use and benefit of the insurer."

Although it is contended by the defendant here that it may be prejudiced by the failure to join the insurers as parties plaintiff because it might be subjected to a second claim, such contention is without merit for a judgment in the instant suit will be final and conclusive and will bar any further action on the same claim by either the plaintiff or its insurers even though the insurers had not been joined as party plaintiffs. Gould v. Weibel, supra.

The defendant contends that there is a factual issue existing as to the good faith representation of Parsons at the damage trial. In the opinion of this Court that is not a proper issue in this case because if there is in fact any bona fide claim by Parsons that it was not properly represented by its counsel of record at the prior trial, its recourse is not a defense of indemnification to Hertz.

There are no genuine issues of material facts, and, as a matter of law, for the reasons aforestated, the motion for summary judgment by Hertz should be granted as against Parsons in the amount of $230,000.00, and the motion for summary judgment of Parsons against Hertz should be denied.

The Court further concludes that the motion of Parsons to compel the joinder of various insurance companies as parties plaintiff should be denied.

A separate order denying the motion for joinder will be entered and a separate judgment in accordance with this opinion will be entered.