573 So.2d 347 (1990)
COSTCO WHOLESALE CORPORATION, a Corporation, Appellant,
v.
TAMPA WHOLESALE LIQUOR CO., INC., a/K/a the House of Midulla, Inc., Appellee.
COSTCO WHOLESALE CORPORATION, a Corporation, Appellant,
v.
TYFIELD IMPORTERS, INC., Appellee.
Nos. 90-00156, 90-00433.
District Court of Appeal of Florida, Second District.
November 21, 1990.
Rehearing Denied January 30, 1991.
Steven C. Davis of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Tampa, for appellant Costco.
David D. Neiser of Law Offices of J.A. Setchel, Tampa, for appellee Tampa Wholesale Liquor Co.
Michael A. Tonelli of Barr, Murman, Tonelli & Slother, P.A., Tampa, for appellee Tyfield Importers, Inc.
CAMPBELL, Judge.
Costco Wholesale Corporation (Costco), appellant in these consolidated appeals, challenges the final summary judgments entered for appellees, Tampa Wholesale Liquor Co., Inc. (Tampa Wholesale) and Tyfield Importers, Inc. (Tyfield), in regard to Costco's third party complaints against Tampa Wholesale and Tyfield. Costco asks us to find that a retail seller of a defective product has a cause of action in indemnity against the intermediate sellers of that product when the defect in question was caused solely by the manufacturer of the product and not by the subsequent intermediate sellers in the chain of distribution. We decline to so hold and affirm the summary judgments for Tampa Wholesale and Tyfield.
Michael Hernandez was injured while attempting to open a bottle of wine. The wine was bottled in Italy by an Italian company, Giovanni Bosco Winery (GIBO), and remained in the original bottle throughout distribution. The bottle was imported from Italy to the United States by appellee Tyfield, which sold it to appellee Tampa Wholesale. Tampa Wholesale then sold the product to the retail seller, appellant Costco, who, in turn, sold the product to the ultimate consumer, Hernandez.
After Hernandez was injured, he brought an action in strict liability, choosing to sue only Costco as retailer of the allegedly defective product. Costco then brought its third party indemnity actions *348 against both appellees, Tampa Wholesale and Tyfield. The manufacturer, GIBO, was not named as a party in any of the actions. For the purpose of the summary judgments below, the trial judge found, and it is conceded for the purpose of these appeals, that: (1) The defect existed in the product at the time it came into Costco's possession, custody and control; (2) the defect was latent and not susceptible of detection by Costco, Tampa Wholesale or Tyfield; (3) the act of selling a defective product is not active fault; (4) the defect was the proximate cause of Hernandez's injuries; and (5) Costco's liability as retailer of the defective product was solely vicarious, constructive, derivative or technical.
Costco relies upon the decision of the New Jersey Supreme Court in Promaulayko v. Johns Mansville Sales Corp., 116 N.J. 505, 562 A.2d 202 (N.J. 1989) and K-Mart Corp. v. Chairs, Inc., 506 So.2d 7 (Fla. 5th DCA), rev. denied, 513 So.2d 1060 (Fla. 1987). While the New Jersey Supreme Court's decision in Promaulayko is on point and is authority for Costco's position, we decline to follow the New Jersey court's approach. K-Mart, however, does not support Costco's position. In K-Mart, a retail seller who had been required to answer in strict liability to its injured purchaser of a defective product was permitted to seek indemnity against the wholesaler of the product. However, that holding was clearly based on a contract theory arising out of the express language in an invoice comprising part of the sales documents between the parties. Promaulayko, on the other hand, ventures down an entirely new path in regard to a third party plaintiff's rights to common law indemnity against others in the chain of distribution of a defective product who are themselves without fault.
Even if we were inclined to follow the path of Promaulayko, which we are not, we would be prevented from doing so by our supreme court's decision in Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). Under the holding of Houdaille, Costco could recover in common law indemnity against Tampa Wholesale and Tyfield only if Costco was without actual fault and Tampa Wholesale and Tyfield were parties in the chain of distribution to Costco who were possessed of actual fault in regard to the defect in the product. Since Costco, Tampa Wholesale and Tyfield were all without actual fault in regard to the defective product, common law indemnity will not lie between them. If they were all guilty of some degree of actual fault, common law indemnity would not lie as there can be no common law indemnity among joint tortfeasors. Seaboard Coast Line R.R. Co. v. Smith, 359 So.2d 427 (Fla. 1978); Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977). The Houdaille court has clearly stated the Florida rule that prohibits common law indemnity between parties who themselves are without fault:
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. Stuart v. Hertz Corporation. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable. See Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964). Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Stuart v. Hertz Corporation. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault. Seaboard Coast Line Railroad Co. v. Smith; Stuart v. Hertz Corporation. Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive *349 or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.
374 So.2d at 492, 493.
While a party suffering injury or damage and loss as a result of a latently defective product may have a cause of action in strict liability against anyone in the injured party's chain of distribution regardless of fault, a party without fault against whom such a recovery is had has a cause of action for common law indemnity only against those other parties in the chain of manufacture and distribution who are at fault. See Adobe Building Centers, Inc. v. Reynolds, 403 So.2d 1033 (Fla. 4th DCA), pet. for review dismissed, 411 So.2d 380 (Fla. 1981).
We therefore affirm the final summary judgments entered for appellees Tampa Wholesale and Tyfield.
SCHOONOVER, C.J., and PARKER, J., concur.