784 So.2d 506 (2001)
The HERTZ CORPORATION, Appellant,
v.
RHODE ISLAND HOSPITAL, et al., Appellees.
No. 5D00-1966.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
Rehearing Denied May 17, 2001.
Dennis R. O'Connor and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for Appellant.
Richard S. Womble and Art C. Young of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee Rhode Island Hospital.
Jeffrey M. Fleming of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for Appellee RIH Cardiology Foundation, Inc.
No Appearance for other Appellees.
*507 COBB, J.
The narrow issue presented by this appeal is whether a car rental agency (Hertz), which was liable under the dangerous instrumentality doctrine for injuries caused by its lessee (Kim), is entitled to indemnification from that lessee's employer, assuming that the vehicular accident causing those injuries occurred while the employee was acting within the course and scope of his employment.[1] The Hertz automobile was leased by Kim in his own name, therefore no question of bailment is involved in this case. The trial court held that since Hertz and the employer were both only vicariously liable, neither would be entitled to indemnification from the other. Hence, Hertz's third party action against the employer was dismissed. We reverse because the employer, under applicable case law, can be subject to an indemnification claim by Hertz.
A case directly in point is Hertz Corp. v. Ralph M. Parsons Co., 419 F.2d 783 (5th Cir.1969), which applied Florida law. In that case it was held that an automobile lessor, liable under the dangerous instrumentality doctrine, could recover indemnity from the employer of the negligent lessee when the lessee was driving the rental vehicle in the course and scope of his employment. The court stated:
The cause of action for indemnity rests on the Florida principle that an owner of an automobile, such as Hertz was here, is not in pari delicto with the driver and his employer. The negligence of the driver was imputed to Hertz under the dangerous instrumentality doctrine. Southern Cotton Oil Co. v. Anderson, 1920, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353 (1940). Parsons's liability is that of a master under the doctrine of respondeat superior. The negligence of the driver and his employer is primary as compared to the secondary negligence of the owner Hertz. Hutchins v. Frank E. Campbell, Inc., [123 So.2d 273 (Fla. 2d DCA 1960)]. (Emphasis added).
419 F.2d at 786.
The employer apparently persuaded the trial court that the opinion of the Florida Supreme Court in Houdaille Indus., Inc. v. Edwards, 374 So.2d 490 (Fla. 1979) had sub silentio overruled Parsons. The trial court specifically cited to Costco Wholesale Corp. v. Tampa Wholesale Liquor Co., Inc., 573 So.2d 347 (Fla. 2d DCA 1991). Neither Houdaille nor Costco, however, addressed the issue of indemnity in the context of the dangerous instrumentality doctrine, and neither supports the conclusion that the employer of a negligent tortfeasor is immune from all indemnity. Houdaille simply stands for the proposition that a party guilty of active negligence, which contributes to the causation of injury to a workman, cannot seek common law indemnity from the employer of that workman. But in the instant case, Hertz is not actively negligent, based on the allegations in the pleadings. The relationship of the various parties who may be vicariously liable was aptly explained in *508 General Portland Land Dev. Co. v. Stevens, 395 So.2d 1296, 1299 (Fla. 4th DCA 1981):
We believe that Houdaille, supra, in essence, establishes a two-prong test that the party seeking indemnity must satisfy. The first prong, the only one considered by Houdaille, requires the indemnitee to be faultless, its liability solely vicarious for the wrongdoing of another.[FN2]
[FN2. We believe that Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979), is limited to our so-called first prong. It was unnecessary for the supreme court to go further once it determined that the only possibility for holding Florida Wire liable was its own active negligence.]
The second prong focuses on the fault of the indemnitor. In order for the faultless party to shift its liability to another, the latter must be at fault. Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). In the case of an employer, it is responsible for the wrongdoing of its servants; and on the basis of respondeat superior a corporation is liable to indemnify a faultless party held liable for negligence attributable to the corporation's employee. Id.

Id. at 1299 (emphasis added).
We note that the Florida Supreme Court expressly followed Parsons in Insurance Co. of North America v. Avis Rent-A-Car System, Inc., 348 So.2d 1149 (Fla.1977). The Houdaille opinion, two years later, made no mention of conflict with Avis, nor is there any indication that Houdaille was intended to recede from the earlier opinion in Avis in any fashion.
The bottom line is that Houdaille did not invalidate Parsons or Avis. Vicarious liability based upon the doctrine of respondeat superior is not the functional equivalent of the liability created by the dangerous instrumentality doctrine. If an employee is negligent, his employer is not a passive tortfeasor in the context of an indemnification action by a third party whose negligence is purely passive.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PLEUS and PALMER, JJ., concur.
NOTES
[1] This assumption is based on the conclusory allegations of the first amended third party complaint in respect to scope of employment at the time of the accident. The sufficiency of this allegation was not determined by the trial court and was not the basis for the dismissal below. The trial court simply ruled:

2. The Court finds that both THE HERTZ CORPORATION and RIH CARDIOLOGY FOUNDATION, INC. are allegedly passive tortfeasors, and thus, THE HERTZ CORPORATION cannot seek common law indemnity from RIH CARDIOLOGY FOUNDATION, INC. See Costco Wholesale Corporation v. Tampa Wholesale Liquor Co., Inc., 573 So.2d 347 (Fla. 2d DCA 1990)....