226 So.2d 117 (1969)
The GRAND UNION COMPANY, Appellant,
v.
PRUDENTIAL BUILDING MAINTENANCE CORP., Appellee.
No. 69-102.
District Court of Appeal of Florida. Third District.
July 22, 1969.
Rehearing Denied September 16, 1969.
*118 West & Goldman, Miami, for appellant.
George C. Vogelsang, Miami, for appellee.
Before BARKDULL and HENDRY, JJ., and LOPEZ, AQUILINO, Jr., Associate Judge.
HENDRY, Judge.
Appellant stood as defendant below in a personal injury action filed against it by individual plaintiffs. Thereafter, the appellant filed a third party complaint against the appellee here, and appellee moved to dismiss the third party complaint. The motion was granted and this appeal ensued.
The original personal injury complaint arose from a slip and fall accident which occurred in a supermarket owned by the appellant. At the time of the accident, the appellee corporation was employed by appellant to perform janitorial services on the premises of the store where the injury occurred; such services included keeping the floor of the store clean and in a safe condition. The third party complaint which was filed against the appellee alleged that a cause of action existed against the third party defendant by virtue of such defendant's breach of the duty to keep the store floor in a reasonably safe condition and free from all foreign substances. The third party complaint continued its allegations in these words:
"5. That if any foreign substance was on the floor of said store, and had been on said floor for a period of time sufficient to give Third-Party Defendant notice thereof, then it was the duty of the Third-Party Defendant to clean up said foreign substance and Third-Party Defendant breached this duty in failing to clean up the foreign substance and/or allowing a dangerous condition to remain on the floor of said store.
"6. That as a result of Third-Party Defendant's negligence, the Plaintiffs have filed suit against the Third-Party Plaintiff herein seeking damages, and Third-Party Plaintiff has been forced to defend said suit and retain attorneys for the defense of said suit.
"WHEREFORE, Third-Party Plaintiff demands judgment against Third-Party Defendant in a sum equal to the amount of any judgment entered against it in favor of Plaintiffs, together with costs and attorney's fees."
By this appeal the appellant argues that the trial court erred when it rejected the theory underlying the third party complaint, i.e., that a principal or employer is entitled to recover indemnity from its agent or employee because of damages for which said principal or employer may be liable, but which were incurred as a result of the negligence of the agent or employee.
We find merit in the contention of the appellant. In Westinghouse Electric Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211, the court therein collected numerous cases from Florida which sustained a trial judge in holding that indemnity may be recovered between two joint *119 tortfeasors where one has breached an agreement with the other and such breach constituted the proximate cause of the injury. Id at 215. It appears to us, therefore, on the authority of the above case, that the appellant did state a viable cause of action in its third party complaint against the appellees. The identical theory, expressed above, was sustained in allowing an employer to recover indemnity from its employee because of the employee's active negligence in the case of Olin's Rent-A-Car System v. Royal Continental Hotels, Fla.App. 1966, 187 So.2d 349.
Thus, for the reasons stated above, the order being appealed is hereby reversed.
Reversed.