358 So.2d 84 (1978)
SPRING LOCK SCAFFOLDING RENTAL EQUIPMENT COMPANY and United National Insurance Company, Appellants,
v.
CHARLES POE MASONRY, INC., et al., Appellees.
Nos. 77-548, 77-549.
District Court of Appeal of Florida, Third District.
April 25, 1978.
Rehearing Denied May 12, 1978.
Virgin, Whittle & Popper and Gary E. Garbis, Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellants.
High, Stack, Davis & Lazenby and Alan R. Dakan, Horton, Perse & Ginsberg, P.J. Carroll & Associates, Miami, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.) Associate Judge.
CARROLL, Associate Judge.
The defendants, Spring Lock Scaffolding Rental Equipment Company (Spring Lock) and its insurer, United National Insurance Company, appeal from a summary judgment entered in favor of the appellees as *85 the defendants to a third-party complaint filed against them by the defendant, Spring Lock.
One Arthur Lott was injured when he fell from a scaffold on a construction job. Joined by his wife, he filed action for damages for personal injuries against Spring Lock and its insurer. The right of Lott to so proceed notwithstanding his entitlement to workmen's compensation benefits was established by this court on an earlier appeal in this case (311 So.2d 759).
The scaffold, manufactured by Spring Lock, was leased by Spring Lock to Charles Poe Masonry, Inc. (Poe) which assembled and used it, as a sub-contractor on a construction project on which Miller & Solomon Construction Co. was the general contractor. Lott was an employee of the general contractor. Emil J. Gould and Estelle Gould were the property owners.
In Lott's action against the manufacturer, Spring Lock, recovery was sought on three grounds: negligence, breach of implied warranty and strict liability.
Spring Lock filed a third-party complaint for indemnity against its lessee, Poe (claiming indemnity by contract and by common law) and against the general contractor and the property owners (claiming common law indemnity). Lott and Spring Lock entered into a Mary Carter agreement, fixing a $300,000.00 liability limit. See: Booth v. Mary Carter Co., 202 So.2d 8 (Fla.2d DCA 1967); Maule Industries v. Rountree, 284 So.2d 389 (Fla. 1973).
On motion of the third-party defendants, the court granted them summary judgment. Alternatively the court held that if Spring Lock ultimately should be held to be entitled to indemnity, its recovery would be limited to the Mary Carter agreement liability limit. Spring Lock appealed. [The summary judgment in favor of the land owners is not involved on this appeal.].
The trial court correctly held Spring Lock was not entitled to common law indemnity against the third-party defendants. If Spring Lock was guilty of negligence in the manufacture of the scaffold, as charged by plaintiff, its liability therefor was for its active negligence, precluding it from indemnity. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977). The same applies if liability should be established against Spring Lock for breach of warranty of fitness for the intended use of the scaffold or on the ground of strict liability. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).
By a provision in the written lease of the scaffold Poe undertook to maintain and use the equipment in a safe and proper manner, and to assume all responsibility for claims arising out of the erection, maintenance, use or possession of the equipment, and agreed to hold Spring Lock harmless from all such claims. The lease agreement did not specify or disclose an intention to indemnify Spring Lock from consequences arising solely from its own negligence. See: University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). Therefore, if it should be found on trial that negligence of Spring Lock in the manufacture of the scaffold was the sole proximate cause of plaintiff's injury, the hold harmless provision of the lease would not furnish basis for contract contribution against Poe.
However, if upon trial it should be found and held that the plaintiff's injury was proximately caused both by negligence of Spring Lock in the manufacture and by negligence of Poe in the assembly and use thereof, then on authority of Leonard L. Farber Co., Inc. v. Jaksch, 335 So.2d 847 (Fla. 4th DCA 1976), for their joint liability resulting from the separate negligence of both the lessee operator and lessor manufacturer, the latter would be entitled to indemnity from the former, not on the basis of common law, but on the indemnity contract.
Accordingly, the summary judgment is affirmed to the extent it represents a holding that Spring Lock is not entitled to common law indemnity against any of the third-party defendants. The summary judgment in favor of Poe is reversed in part because of a potential right of contract *86 indemnity against Poe, dependent on a trial outcome contingency as outlined above. The trial court's further ruling limiting indemnity, where present, to the Mary Carter agreement limit is affirmed.
Affirmed in part and reversed in part, and remanded for further proceedings.