374 So.2d 490 (1979)
HOUDAILLE INDUSTRIES, INC., Petitioner,
v.
Eddie EDWARDS, Sr., Etc., et al., Respondents.
No. 54949.
Supreme Court of Florida.
July 5, 1979.
Rehearing Denied September 28, 1979.
*491 Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for petitioner.
S. William Fuller, Jr. of Fuller & Johnson, Tallahassee, for respondents.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, First District, in Home Indemnity Co. v. Edwards, 360 So.2d 1112 (Fla. 1st DCA 1978), which conflicts with Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977), and Spring Lock Scaffolding Rental Co. v. Charles Poe Masonry, Inc., 358 So.2d 84 (Fla.3d DCA 1978),[1] thereby vesting *492 jurisdiction in this Court pursuant to article V, section 3(b)(3), Florida Constitution.
The issue before us is whether a manufacturer of a defective product that contributes to an on-the-job injury of a workman may seek common law indemnity from the employer of the injured workman.[2] We conclude that, absent a special relationship between the manufacturer and the employer which would make the manufacturer only vicariously, constructively, derivatively, or technically liable for the wrongful acts of the employer, there is no right of indemnification on the part of the manufacturer against the employer. We hold that the trial court correctly entered summary judgment in favor of Houdaille on Florida Wire's third-party complaint for indemnification, and we quash the decision of the district court.
Houdaille Industries, the employer, manufactures reinforced concrete beams using steel wire cable which is made by Florida Wire and Cable Co. During the process of manufacturing the concrete beams, the steel cable is stretched through a mold into which the concrete is poured. Eddie Edwards, an employee of Houdaille, was killed when the cable broke while it was under stress. Houdaille paid Edwards' survivors the workmen's compensation benefits required by law. Edwards' personal representative then sued Florida Wire for his wrongful death and alleged that Florida Wire had breached its implied warranty of fitness and that this breach was the direct and proximate cause of Edwards' death.
Florida Wire filed a third-party complaint for indemnification against Houdaille and alleged that, at the time of the accident, Houdaille was actively negligent because it failed to properly conduct the detensioning process which was used to remove one of the strands from the pouring bed, because it failed to properly insert the strand back in the jack used in the detensioning process and improperly installed the jack to the strand of wire which resulted in misalignment of the jack and subsequent release of the strand, and because it failed to properly instruct its employees as to the detensioning process. Florida Wire alleged that if it was negligent, its negligence was merely passive. It did not, however, plead that its liability, if any, would be solely vicarious, constructive, derivative, or technical and would be based on the wrongdoing of Houdaille. Florida Wire further sought indemnity on the basis of a breach of an alleged independent duty owed to it by Houdaille.
Houdaille's motion for summary judgment on the third-party complaint was granted by the trial court for the reason that if Florida Wire was liable at all to the plaintiff, Edwards, its liability flows from a breach of warranty or some other wrongdoing on its part which could only be characterized as active negligence.
On appeal, the district court reversed, holding that a manufacturer of a product, who is sued for breach of warranty by one injured by the product, may bring a third-party complaint for indemnity against the employer of the injured party. The district court, focusing on the wrongdoing of the employer rather than the fault of the manufacturer, determined that material issues of fact precluding summary judgment exist as to whether the employer was guilty of negligence in the form of misuse of the product manufactured by Florida Wire. It effectually used the traditional common law indemnity classifications of active and passive negligence as a vehicle for weighing the fault of the employer as against the fault of the manufacturer.
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other *493 and is allowable only where the whole fault is in the one against whom indemnity is sought. Stuart v. Hertz Corporation. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable. See Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964). Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Stuart v. Hertz Corporation. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault. Seaboard Coast Line Railroad Co. v. Smith; Stuart v. Hertz Corporation. Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.
Although courts of this state have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant, confusion seems to have arisen over the use of the labels employed to designate the conduct of the parties which will permit the party seeking indemnity to recover. The active-passive terminology has been criticized as possibly denoting degrees of fault, and it has been suggested that the terms primary and secondary are more accurate and technically correct. See Maybarduk v. Bustamante, 294 So.2d 374 (Fla. 4th DCA 1974). Regardless of what specific terms are employed  whether the courts say active-passive or primary-secondary  what they are really speaking of is fault or no fault. E.g., Stuart v. Hertz Corporation; Florida Power Corp. v. Taylor, 332 So.2d 687 (Fla. 2d DCA 1976); Florida Power & Light Co. v. General Safety Equipment Co., 213 So.2d 486 (Fla. 3d DCA 1968); Winn Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla. 1st DCA 1963), modified by elimination of one sentence, 160 So.2d 102 (Fla. 1964).
Florida Wire asserts that the only way to classify a tortfeasor's negligence as active or passive is to weigh the relative fault of the tortfeasor. To agree with Florida Wire's reasoning, however, would be to repudiate our recent holdings in Stuart v. Hertz Corporation and Seaboard Coast Line Railroad Co. v. Smith which hold that, when determining whether a party is entitled to indemnity, we will not weigh the relative fault of the parties, but rather we will look to the party seeking indemnity to determine whether he is without fault. In making this particular determination, it is immaterial whether the one against whom indemnification is sought is also with fault.
These traditional principles of indemnity preclude Florida Wire from recovering against Houdaille. Florida Wire's claim that Houdaille's negligence solely and proximately caused the injury to the deceased employee does not establish a claim for indemnity since, if this is the case, a judgment cannot properly be awarded against Florida Wire in favor of the plaintiff since Florida Wire cannot be held vicariously or constructively liable for Houdaille's acts. A manufacturer, although liable for injuries caused by a defect in its product, is not an insurer for all physical injuries caused by its product. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976); Royal v. Black and Decker Manufacturing Co., 205 So.2d 307 (Fla. 3d DCA 1968). For there to be recovery in an action for implied warranty or strict liability, it still must be shown that plaintiff's injury was proximately caused by some defect in the product. West v. Caterpillar Tractor Co., Inc.[3]
*494 Florida Wire's claim that Edwards' death resulted solely from the negligence of Houdaille states a complete defense to the original action. It does not establish that Florida Wire is vicariously, constructively, derivatively, or technically liable for Houdaille's negligence. If both Florida Wire and Houdaille are at fault, no matter how slight the fault of the former, the principles of indemnity preclude Florida Wire's recovery of indemnity against Houdaille. Furthermore, we find Florida Wire's contention that Houdaille owed a duty to it to be without merit. The user of an item supplied by another, in the absence of a contract, does not owe the latter any duty of care in connection with the use of the item so as to create a duty upon the user to indemnify the supplier.[4]
Accordingly, we hold that summary judgment was properly entered in favor of Houdaille, and the district court erred in reversing. The decision of the district court is quashed, and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] In Spring Lock Scaffolding Rental Equipment Co. v. Charles Poe Masonry, Inc., 358 So.2d 84, 85 (Fla. 3d DCA 1978), the district court held:

The trial court correctly held Spring Lock was not entitled to common law indemnity against the third-party defendants. If Spring Lock was guilty of negligence in the manufacture of the scaffold, as charged by plaintiff, its liability therefor was for its active negligence, precluding it from indemnity. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977). The same applies if liability should be established against Spring Lock for breach of warranty of fitness for the intended use of the scaffold or on the ground of strict liability. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976).
In a separate opinion filed today, we have approved this holding which is directly contrary to the district court's holding in the present case. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Co., 374 So.2d 487 (Fla. 1979), approved in part and quashed in part on other grounds.
[2] This case does not involve contractual indemnity.
[3] A different situation may exist where the manufacturer's liability arises because of a defective component supplied by another and incorporated into the product which is subsequently sold to one injured by the defect. In such a case, depending upon the particular circumstances, the manufacturer may have a right of indemnification against its supplier, 3 A.L.R.3d 1016. In that case, a manufacturer who is held liable for a breach of an implied warranty of fitness could be without fault insofar as its relationship with the supplier of the component part is concerned and may be permitted to seek indemnification from the supplier.
[4] We note that the district court, in reversing the summary judgment and determining that a manufacturer of a defective product could seek indemnity against the employer, relied on Sunspan Engineering and Construction Co. v. Spring-Lock Scaffolding Co., 310 So.2d 4 (Fla. 1975), and Trail Builders Supply Co. v. Reagan, 235 So.2d 482 (Fla. 1970). These decisions, however, do not derogate from the traditional concepts of indemnity. In Sunspan, we expressly stated that our opinion is limited to the holding that the alleged liability of the employer to the manufacturer is not barred by section 440.11(1) because that statute is unconstitutional as applied. In Trail Builders, we merely held that nothing in the workmen's compensation act prohibits the manufacturer from seeking indemnity against an employer, that the workmen's compensation act does not preclude a passively negligent third-party tortfeasor from being indemnified by an actively negligent employer in a suit for damages by such employee against the third party. These decisions involve only the right to sue the employer where a cause of action exists in the first instance. Particularly in light of our subsequent decision in Stuart v. Hertz Corporation, it is clear that Sunspan and Trail Builders stand only for the proposition that the immunity of the workmen's compensation statute does not protect against an indemnity action so long as such an action is viable in the first place.