374 So.2d 644 (1979)
WALTER TAFT BRADSHAW & ASSOCIATES, P.A., Appellant,
v.
Noel BEDSOLE, N.B.C. Homes, Inc., Etc., et al., and Valley Crest Landscape, Inc., of Florida, Appellees.
CYPRESS BEND CORPORATION, Appellant,
v.
Noel Bedsole, N.B.C. Homes, Inc., Etc., et al., Walter Taft Bradshaw & Associates, P.A., and Valley Crest Landscape, Inc., of Florida, Appellees.
WALTER TAFT BRADSHAW & ASSOCIATES, P.A., Appellant,
v.
Noel BEDSOLE, N.B.C. Homes, Inc., ETC., et al., Appellees.
Nos. 77-1684, 1880 and 1881.
District Court of Appeal of Florida, Fourth District.
August 29, 1979.
*645 Jeanne Heyward and Marco B. Loffredo of Knight, Peters, Pickle, Niemoeller & Flynn, Miami, for appellant-Walter Taft Bradshaw & Associates, P.A.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellant-Cypress Bend Corp.
Larry Klein, West Palm Beach, and Pyszka, Kessler, Adams & Solomon, Fort Lauderdale, for appellee-Valley Crest Landscape, Inc., of Florida.
DOWNEY, Chief Judge.
The question presented by this appeal is whether two third party complaints stated a cause of action for common law or contractual indemnity. The trial court held that neither complaint was sufficient and dismissed them with prejudice. That judicial act is the error relied upon for reversal. We affirm.
Cypress Bend Corp. was the general contractor on a condominium project. Walter Taft Bradshaw was employed to prepare plans and specifications and supervise the landscaping of the project. The landscape subcontractor, Valley Crest Landscape, Inc., employed Noel Bedsole, who was injured while assisting in the actual landscape work. Bedsole sued Cypress Bend and Bradshaw, alleging active negligence against both. Each of said defendants filed a third party complaint against Bedsole's employer, Valley Crest, in which they claimed common law and contractual indemnity and contribution. Said third party complaints alleged Valley Crest was guilty *646 of various acts of negligence which were the proximate cause of Bedsole's injuries. In addition, said complaints alleged that the third party plaintiffs were merely secondarily or passively negligent whereas Valley Crest was actively negligent.
While we were laboring with this and several other cases involving third party complaints for indemnity arising out of tortious injury situations, the Supreme Court of Florida decided Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, Case No. 54,949, Opinion filed July 5, 1979, and Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equipment Company, 374 So.2d 487, Case No. 54,349, Opinion filed July 5, 1979. Those timely decisions resolve many of the problems the inferior courts of this state were having with the application of both common law and contractual indemnity.
With regard to common law indemnity Houdaille, supra, reiterates one of the principles announced in Stuart v. Hertz, 351 So.2d 703 (Fla. 1977), which is worth mentioning again here:
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. Stuart v. Hertz Corporation. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable. Houdaille, supra, at p. 492.
The court points out that indemnity does not lie in every situation where another may also be partially at fault:
Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. Houdaille, supra, at p. 493.
In determining whether a party is entitled to indemnity the court looks to the party seeking indemnity to determine whether that party is without fault.
In the present case both original defendants, Cypress Bend and Bradshaw, allege in their third party complaints that third party defendant, Valley Crest's, negligence was the sole proximate cause of Bedsole's injuries. Thus, Cypress Bend and Bradshaw reason that they are entitled to indemnity from Valley Crest should they suffer a judgment because their negligence, if any, was only secondary or passive. This is the identical contention which the Supreme Court rejected in Houdaille, as follows:
These traditional principles of indemnity preclude Florida Wire from recovering against Houdaille. Florida Wire's claim that Houdaille's negligence solely and proximately caused the injury to the deceased employee does not establish a claim for indemnity since, if this is the case, a judgment cannot properly be awarded against Florida Wire in favor of the plaintiff since Florida Wire cannot be held vicariously or constructively liable for Houdaille's acts. Supra at p. 493.
Analogizing to the case at bar, Cypress Bend and Bradshaw's claim that Valley Crest's negligence solely and proximately caused the injury to Valley Crest's employee, Bedsole, does not establish a claim for indemnity since, if this is the case, a judgment cannot properly be awarded against Cypress Bend and Bradshaw since neither Cypress Bend nor Bradshaw can be held vicariously or constructively liable for Valley Crest's negligent acts. Thus, the third party complaint in question did not state a cause of action for common law indemnity.
Each of the third party complaints also alleges a right to contractual indemnity from Valley Crest because they claim to be third party beneficiaries of the contract between Valley Crest and the owner of the project which contained the following provisions:
LIENS AND LIABILITY
16. * * *

*647 The Contractor shall indemnify and save harmless the Owner from and against all losses and all claims, demands, payments, suits, actions, recoveries, and judgments of every nature and description brought to recoverable [sic] against it or them by reason of any fact or omission of the said Contractor, his agent, or any employee in the execution of the work in consequence of any negligence or carelessness in guarding same. Should any subcontractor refuse to furnish a release, the Contractor may receive final payment by furnishing a bond, satisfactory to the Owner, indemnifying the Owner against any loss.
In Charles Poe, supra, the Supreme Court pointed out that contracts of indemnification absolving a party from his own wrongful acts are viewed with disfavor in Florida and will only be enforced if they express such an intent in clear and unequivocal terms.
It is clear that the contractual provision contained in Valley Crest's contract does not express an intent to indemnify the third party plaintiffs for their wrongful acts in clear and unambiguous terms. In addition, it is highly questionable whether said third party plaintiffs are third party beneficiaries of said contractual provision in view of Section 725.06, Florida Statutes (1975). However, we need not and do not decide the issue of the availability of contractual indemnity to the third party plaintiffs on that basis. We simply approve the trial court's holding that the third party complaints state no cause of action for contractual indemnity.
Accordingly, the orders dismissing the third party complaints filed by Cypress Bend Corporation and Walter Taft Bradshaw & Associates with prejudice are affirmed.
AFFIRMED.
LETTS, J., and DAUKSCH, JAMES C., Associate Judge, concur.