395 So.2d 1296 (1981)
GENERAL PORTLAND LAND DEVELOPMENT COMPANY and Greater Florida Investment, a Joint Venture d/b/a Old Port Cove, Appellants,
v.
Marvin Lee STEVENS, Mary Catherine Stevens and Hembree Masonry, Inc., a Florida Corporation, Appellees.
No. 79-1727.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
*1297 Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellants.
Thomas D. Lardin of Weaver & Weaver, P.A., Fort Lauderdale, for appellee-Hembree Masonry, Inc.

ON REHEARING
GLICKSTEIN, Judge.
This is the third occasion for this court to consider this case.[1] The present appeal is from a final summary judgment in favor of Hembree Masonry, Inc. (hereinafter Hembree), and against General Portland Land Development Company and Greater Florida Investment Company, a joint venture d/b/a Old Port Cove (hereinafter Old Port Cove), on the latter's claim for indemnity. Both parties argued in their briefs that the facts are not in dispute. However, during argument counsel for Old Port Cove conceded the existence of unresolved questions of fact and urged this court to remand for another trial. We agree with appellants' concession and affirm the denial of Old Port Cove's motion for summary judgment, reverse the granting of summary judgment in favor of Hembree, and remand.
The facts and history of the case reveal that Marvin Lee Stevens, a plumber employed by an independent contractor, brought an action against Old Port Cove and Hembree for personal injuries allegedly caused by the negligent operation of a buck hoist, a machine used to transport construction materials up and down the side of a building. Old Port Cove, the owner/builder *1298 of a multistory condominium project, leased the buck hoist from Hembree. Under the terms of the written lease Hembree agreed to furnish an operator, whose wages were paid by Hembree. Ronald Weber was selected as the operator.
Old Port Cove filed a crossclaim against Hembree for contractual and common law indemnity. The case was tried and by virtue of the court's charge, the jury was asked to determine if the hoist operator was the employee of Old Port Cove or the employee of Hembree. The jury was also asked to determine whether the buck hoist operator was a joint employee of both Old Port Cove and Hembree. They returned a verdict for Stevens for $234,000.00 against Old Port Cove, and against Stevens on his claim against Hembree, but rendered no verdict on the crossclaim for indemnity. Final judgment for plaintiff and against Old Port Cove was entered on February 28, 1973, and was appealed by Old Port Cove to this court. Rather than supersede the final judgment, Old Port Cove agreed to a settlement with Stevens in the amount of the judgment and obtained a release. This court subsequently reversed and remanded for new trial. General Portland Land Development Co. v. Stevens, 291 So.2d 250 (Fla. 4th DCA 1974). Since Old Port Cove had already settled with Stevens, on remand the only issue to be resolved was its crossclaim against Hembree.
On March 28, 1973, Old Port Cove also instituted a separate lawsuit for indemnity against Ronald Weber for his negligent operation of the buck hoist. That case was tried nonjury and final judgment was entered against Weber.
After remand of the first appeal Old Port Cove filed an amended crossclaim against Hembree, alleging that Hembree employed Ronald Weber to operate one of the buck hoists and that Weber negligently lowered the buck hoist, injuring the plaintiff. Both parties moved for summary judgment. By order of May 17, 1976, the trial court denied Old Port Cove's motion for summary judgment and granted Hembree's motion for summary judgment. On appeal this court again reversed and held that this court's prior reversal of the judgment entered in accordance with the jury verdict voided that judgment and negated the possibility of res judicata based on said overturned judgment. General Portland Development Co. v. Stevens, 356 So.2d 840 (Fla. 4th DCA 1978).
On remand following the second appeal Old Port Cove filed a second amended crossclaim against Hembree. Both parties renewed their motions for summary judgment. The trial court denied Old Port Cove's motion and granted Hembree's motion. This timely appeal followed.
As a preliminary matter we note that we need only consider the appropriateness of summary judgment in favor of Hembree. Since Old Port Cove conceded at oral argument that material facts remain at issue, their motion for summary judgment was properly denied.
The supreme court has recently reviewed several cases involving indemnity culminating with Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). That case arose following the death of one of Houdaille's employees allegedly caused by a defective cable manufactured by Florida Wire and Cable Co. The employee's personal representative sued Florida Wire for wrongful death and alleged breach of implied warranty of fitness. Florida Wire filed a third-party complaint against Houdaille and alleged that Houdaille was actively negligent and that if Florida Wire was negligent, its negligence was merely passive. The trial court granted summary judgment for Houdaille on its third party complaint. The First District reversed on the basis of unresolved material issues of fact. The supreme court noted that the district court focused on the wrongdoing of Houdaille, the potential indemnitor, rather than on the fault of Florida Wire, the party seeking indemnity. Implicitly finding that approach improper the supreme court, in quashing the district court's holding, cited its prior decisions in Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977), and Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978), and held:

*1299 ... when determining whether a party is entitled to indemnity, we will not weigh the relative fault of the parties, but rather we will look to the party seeking indemnity to determine whether he is without fault. In making this particular determination, it is immaterial whether the one against whom indemnification is sought is also with fault. (Emphasis added).
374 So.2d at 493.
Since there was no basis to impute any negligence on the part of Houdaille to Florida Wire, the latter's sole source of potential liability to the plaintiff was for its own active breach of warranty. Consequently, in order to hold Florida Wire liable at all it necessarily would have been at fault, thereby precluding it from shifting its liability regardless of its degree of fault. "[A] weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault." Id., at 493.
We believe that Houdaille, supra, in essence, establishes a two-prong test that the party seeking indemnity must satisfy. The first prong, the only one considered by Houdaille, requires the indemnitee to be faultless, its liability solely vicarious for the wrongdoing of another.[2]
The second prong focuses on the fault of the indemnitor. In order for the faultless party to shift its liability to another, the latter must be at fault. Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676 (Fla. 3d DCA 1980). In the case of an employer, it is responsible for the wrongdoing of its servants; and on the basis of respondeat superior a corporation is liable to indemnify a faultless party held liable for negligence attributable to the corporation's employee. Id.
Old Port Cove argues that it was the negligent operation of the buck hoist by Ronald Weber in his capacity as an employee of Hembree that proximately caused the injury to Stevens. On that basis they conclude that Hembree is liable for the negligence of its servant and must indemnify them. If the facts are found to support Old Port Cove's conclusion the situation would be almost identical to the one in Atlantic Coast Development Corp., supra. In that case an employee of Atlantic was killed on a construction site. The personal representative of the estate brought a wrongful death action against the owner/general contractor and Napoleon, a subcontractor. The defendants reached a settlement agreement with the plaintiff and then sought common law indemnity from Atlantic. On the indemnity claim the jury found the settling defendants were without fault, necessarily implying under the circumstances that their liability was vicarious for the delegation of a non-delegable duty to the party at fault, Atlantic. The jury also found that Atlantic through its supervisor, Hershel Carver, agreed to assume the non-delegable duty of keeping its workers from underneath a crane, and that Atlantic breached that duty through the acts of its servant, Hershel Carver, who allowed and directed Atlantic's employee to work in the area during a period while the crane was in operation. As a result of the breach the employee was killed when a load of block fell from the crane. Atlantic was held liable to indemnify the defendants. Implicit in that holding is that Atlantic's fault was imputed from the negligence of its servant, Hershel Carver.
We agree with Atlantic Coast Development Corp., supra, and would follow its holding if the instant appeal had come to us in the same procedural posture. However, because the following two material questions of fact remain unresolved, summary judgment is inappropriate. (1) Who was the employer of Weber? (2) Was Weber negligent?
*1300 Both parties present uncontradicted sets of facts which suggest that Weber was in the employ of the other. Taken alone either set would adequately support such a finding. Because conflicting inferences can be drawn, Florida courts have wisely left the determination to a factfinder, making summary judgment inappropriate. Goldie v. Dillen, 140 So.2d 81 (Fla. 2d DCA 1962); Jaworski v. City of Opa Locka, 170 So.2d 484 (Fla. 3d DCA 1964), cert. denied 172 So.2d 441 (Fla. 1965).
Under the assumption that Weber was Hembree's employee, Old Port Cove contends that Hembree was a privy to Weber in Old Port Cove's separate suit for indemnity against Weber for his negligence and as such, Hembree is bound by the judgment against Weber. Assuming arguendo that Weber was Hembree's employee, undeniably if privity existed between them res judicata would apply and Hembree would be barred from relitigating the same issue of Weber's negligence. Apparently there is no Florida case on point, but Hay v. Hildreth, 125 So.2d 772 (Fla. 1st DCA 1961), is helpful. That case held that an employee was not in privity with his employer in an action brought by a third party against the employer for its employee's negligence. Although judgment was entered in favor of the third party, the employee's then still pending separate action against the third party for negligence remained viable. Res judicata did not apply. We believe the converse is true and hold that Hembree, should it be found to be Weber's employer, is not bound by the judgment against Weber, and can relitigate its employee's negligence.
Finally, we note that the operation of a buck hoist, like a crane, is an inherently dangerous activity. See Channell v. Musselman Steel Fabricators' Inc., 224 So.2d 320 (Fla. 1969); Geffrey v. Langston Construction Co., 58 So.2d 698 (Fla. 1952); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., supra. Consequently, Old Port Cove as the owner/builder of the project could not delegate to an independent contractor the duty of care for inherently dangerous work  the operation of the buck hoist  and was vicariously liable for the injury to Stevens resulting therefrom regardless of its lack of fault. Id.; Bialkowicz v. Pan American Condominium No. 3, Inc., 215 So.2d 767 (Fla. 3d DCA 1968), cert. denied 222 So.2d 751 (Fla. 1969). However, liability on this basis alone will not preclude an otherwise viable claim for indemnity. Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., supra.
In conclusion, the motion for rehearing is denied and the opinion filed on January 7, 1981, is approved as modified above. We remand to the trial court for a factual determination as to who is the employer of Weber. Should it be found that Hembree is the employer, an additional finding as to Weber's negligence must be made. If Weber is then found negligent indemnity shall lie. Atlantic Coast Development Corp., supra.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DOWNEY, J., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.
NOTES
[1] Prior opinions are reported at 291 So.2d 250 (Fla. 4th DCA 1974), and 356 So.2d 840 (Fla. 4th DCA 1978).
[2] We believe that Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1974), is limited to our so-called first prong. It was unnecessary for the supreme court to go further once it determined that the only possibility for holding Florida Wire liable was its own active negligence.