PER CURIAM.
We affirm the trial court’s dismissal of those counts of a third-party complaint in which Commercial Carrier Corporation sought common law indemnity from Indian River County and the State of Florida, Department of Transportation.[1] We hold that since any conceivable vicarious, constructive, derivative, or technical liability which Commercial Carrier Corporation might have to the plaintiff could arise only from the wrongdoing of Commercial Carrier’s employee, the fault or negligence of the County or State, if any, cannot be legally imputed to Commercial Carrier Corporation, and, therefore, no action for common law indemnity by Commercial Carrier Corporation against the County or State lies.[2] Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
Affirmed.

. This is a non-landmark sequel to Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). There the Florida Supreme Court held that the doctrine of sovereign immunity, the basis upon which the trial court had originally dismissed Commercial Carrier’s actions against the State and County, was no longer a bar and ordered the reinstatement of the actions.

. The fault or negligence of the County or State, if shown, would render one or both of them joint tortfeasors responsible to Commercial Carrier Corporation for contribution, claims for which were left undisturbed by the trial court. If, of course, Commercial Carrier is found to be not liable at all to the plaintiff, then it has no claim under any theory against the State or County.