427 So.2d 776 (1983)
MORTGAGE GUARANTEE INSURANCE CORPORATION, a Foreign Corporation, Appellant,
v.
Douglas B. STEWART D/B/a Doug Stewart Realty, Appellee.
No. 81-1274.
District Court of Appeal of Florida, Third District.
February 15, 1983.
Rehearing Denied March 23, 1983.
*777 Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs and Nancy Schleifer, Miami, for appellant.
Papy, Poole, Weissenborn & Papy, Coral Gables, for appellee.
Before HUBBART and FERGUSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
HUBBART, Judge.
This is an appeal from a final circuit court order dismissing one count of a complaint seeking common law indemnity against a single defendant; this defendant is not sued in the other counts of the complaint which remain pending in the trial court. We, therefore, have jurisdiction to entertain this appeal as an appeal from a final order. Art. V, § 4(b)(1), Fla. Const.; McMullen v. McMullen, 145 So.2d 568 (Fla. 2d DCA 1962); compare Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980).

I
The plaintiff Mortgage Guarantee Insurance Corporation [MGIC], as owner of certain real property, and its insurer filed a second amended complaint in the trial court seeking inter alia common law indemnity against the defendant Douglas B. Stewart d/b/a Doug Stewart Realty [Stewart] arising from a tort incident occurring on the subject real property. The relevant allegations of the above complaint are as follows.
... .
"6. On or about June 28, 1976 TODD A. JOHNSON, a minor drowned on the premises located at 10200 S.W. 4th Street, Sweetwater, Florida, said property at that time was owned by the Plaintiff, MGIC.
7. A lawsuit was instituted in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida by MARILYN H. JOHNSON, as personal representative of the estate of TODD A. JOHNSON against MGIC Mortgage Corporation, a foreign corporation, and CONTINENTAL CASUALTY COMPANY, a foreign insurance carrier, same being common law Case No. 78-8942, alleging that TODD A. JOHNSON sustained personal injuries resulting in his death due to the failure of the property owner, MGIC Mortgage Corporation, to maintain the property in a condition that did not constitute an attractive nuisance to the minor plaintiff.
8. As a final result of the aforementioned causes of action, MGIC and their carrier, CNA, were required to pay TWO HUNDRED AND THIRTY SEVEN THOUSAND FIVE HUNDRED DOLLARS ($237,500.00) to effect a settlement between the parties to this action. In addition, the plaintiff herein incurred certain costs and attorneys' fees in defending the cause of action. The final settlement was approved by the Court on August 30th, 1979, a copy of which is attached hereto as Exhibit `A' and by reference made a part hereof.

*778 9. The settlement reached in the original case in the amount of $237,500.00 was a fair and reasonable settlement under the circumstances of that case.
10. On or about June 28, 1976 the Plaintiff herein, MGIC, was an absentee owner and was not present on the premises.
11. The Plaintiff herein, MGIC, by virtue of their ownership of the property in question had a technical and vicarious responsibility to the plaintiff in the original action to maintain their property in a condition that would not act as an attractive nuisance and to keep the property properly secured from neighborhood children.
12. The Plaintiff herein, MGIC, recognized their vicarious and technical responsibility to the original plaintiffs and previous to June 28, 1976 had entered into a written contract with the Defendant, J.I. KISLAK MORTGAGE CORPORATION to perform various functions and responsibilities in servicing the property in question including but not limited to inspections of the property to determine the condition and occupancy thereof. A copy of the Master Selling/Servicing Agreement and Servicer's Guide is attached to this Complaint and is incorporated by reference as Exhibit `B'.
13. The Plaintiff herein, MGIC, had another contract with the Defendant herein, DOUGLAS STEWART REALTY, whereby DOUGLAS STEWART REALTY was to list the property for sale. A copy of that Listing Agreement is not presently in the possession of these Plaintiffs and will be filed when produced by the Defendant, DOUGLAS STEWART REALTY.
... .
20. That at all time material hereto the Defendant, DOUG STEWART REALTY, had obtained the listing on the certain piece of real property located at 10200 S.W. 4th Street, Sweetwater, Florida.
21. As part of the duties and responsibilities which the Defendant, DOUG STEWART REALTY undertook to perform as part of the listing agreement was to inspect the property and was to perform various maintenance and repairs on said property.
22. The Defendant, DOUG STEWART REALTY, undertook to inspect and did actually inspect the property and undertook to repair and did actually repair the property prior to the date that TODD JOHNSON drowned on the property.
23. The Defendant, DOUG STEWART REALTY, negligently repaired the property and negligently secured the premises as part of the repairs undertaken and as a direct and proximate result the deceased, TODD A. JOHNSON, was able to enter the vacant premises and drowned on the premises.
24. As a further direct and proximate result of the aforesaid negligence of the Defendant, DOUG STEWART REALTY, the Plaintiff was subjected to technical and vicarious liability for those negligent acts and had to retain the undersigned attorneys and agreed to pay them a reasonable fee for their defense of the claims and furthermore had to pay a reasonable sum in settlement on the original action.
WHEREFORE, the Plaintiff demands indemnity against the Defendant DOUG STEWART REALTY, for all monies paid in reasonable settlement to the deceased and furthermore demands reimbursement of all attorneys' fees and costs expended in defending said original action."
The defendant Stewart moved to dismiss the above count of the complaint for failure to state a cause of action sounding in common law indemnity. The trial court entered a final order dismissing this count of the complaint; the plaintiff MGIC appeals.

II
In the landmark case of Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979), the Florida Supreme Court states the controlling Florida law on common law indemnity as follows:
"Indemnity is a right which inures to one who discharges a duty owed by him, *779 but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought. Stuart v. Hertz Corporation [351 So.2d 703 (Fla. 1977)]. It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable. See Mims Crane Service, Inc. v. Insley Manufacturing Corp., 226 So.2d 836 (Fla. 2d DCA 1969); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964). Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors. Seaboard Coast Line Railroad Co. v. Smith, 359 So.2d 427 (Fla. 1978); Stuart v. Hertz Corporation. A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault. Seaboard Coast Line Railroad Co. v. Smith; Stuart v. Hertz Corporation. Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed." 374 So.2d at 492-93.
"Moreover, it has been established that a defendant who has been held liable, without personal fault, to a business invitee for breach of a nondelegable duty to maintain his premises in a reasonably safe condition may recover [common law] indemnity against his negligent independent contractor hired to discharge the nondelegable duty." Wetherington, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 408 (1980), citing, Grand Union Co. v. Prudential Building Maintenance Corp., 226 So.2d 117 (Fla. 3d DCA 1969); Olin's Rent-A-Car System, Inc. v. Royal Continental Hotels, Inc., 187 So.2d 349 (Fla. 4th DCA), cert. denied, 194 So.2d 621 (Fla. 1966); Westinghouse Electric Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964); see also General Portland Land Development Co. v. Stevens, 395 So.2d 1296, 1300 (Fla. 4th DCA 1981); Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d 676, 679-80 (Fla. 3d DCA 1980). This is plainly so under Houdaille as the above-stated defendant, without personal fault, "has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability" due to the negligence of his hired independent contractor. Houdaille Industries, Inc. v. Edwards, 374 So.2d at 493; see also Wetherington, supra at 408.

III
Turning to the instant case, it is clear that the subject complaint states a cause of action in common law indemnity and should not have been dismissed. The complaint alleges that the plaintiff MGIC and its insurer were held liable in a prior lawsuit brought by the minor child's personal representative for a tort incident occurring on the plaintiff's real property, that the plaintiff MGIC was required in a settlement between the parties to pay a judgment in this lawsuit and incur certain costs and attorney's fees, that the plaintiff MGIC was entirely without fault in this tort incident and was only vicariously held liable to the minor child's personal representative based solely on the negligence of the defendant Stewart, that the plaintiff MGIC had hired the defendant Stewart as an independent contractor to maintain the plaintiff's subject property in a reasonably safe condition, and that the defendant Stewart failed to do so, proximately causing the death of the minor child in this case. If that be established, the plaintiff MGIC would be entitled to common law indemnity from the defendant Stewart as the plaintiff under these alleged facts has been held vicariously or constructively liable, without personal fault, to the injured party in the prior lawsuit due to the negligence of the plaintiff's hired independent contractor [defendant Stewart], a classic case calling for *780 common law indemnity under Florida law. It is urged, however, that two distinct factors necessarily defeat the plaintiff's indemnity claim herein.
First, it is urged that the plaintiff MGIC was at fault in this case, thereby barring indemnity, because it had no authority to hire an independent contractor [defendant Stewart] to perform its admitted non-delegable duty to maintain the subject premises in a reasonably safe condition. It is said that only the plaintiff MGIC through its employees could perform this duty and its failure to do so constitutes fault in itself. This position is ill-conceived as the law has always permitted a person to hire an employee or an independent contractor to perform a non-delegable duty owed by that person to third parties; the law only precludes such person from escaping, by that devise, vicarious responsibility for the proper performance of that nondelegable duty. Atlantic Coast Development Corp. v. Napoleon Steel Contractors, Inc., 385 So.2d at 679, citing, Kelly v. Diesel Const. Div. of Carl A. Morse, Inc., 35 N.Y.2d 1, 7, 315 N.E.2d 751, 754, 358 N.Y.S.2d 685, 686-90 (1974).
Second, it is urged that the plaintiff MGIC was at fault in this case, thereby precluding indemnity, because it settled the original lawsuit with the minor child's personal representative who admittedly had sued on a fault theory, not a vicarious liability theory.[1] It is said that the plaintiff MGIC is "locked in" with the fault allegations of the original complaint because it settled the lawsuit on that basis and may not now seek common law indemnity on a vicarious liability theory. This position is also ill-conceived as the law has always permitted a person to bring an indemnity claim quite apart from the characterization of his conduct in the original complaint filed by the injured party. Broward Marine, Inc. v. New England Marine Corp. of Delaware, 386 So.2d 70, 76 (Fla. 2d DCA 1980); American Home Assurance Co. v. City of Opa Locka, 368 So.2d 416 (Fla. 3d DCA 1979); Barnett Bank of Miami v. Mutual of Omaha Insurance Co., 354 So.2d 114 (Fla. 3d DCA 1978); Central Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579 (Fla. 3d DCA 1975). Moreover, the settlement here could not, as urged, constitute a binding admission by the plaintiff MGIC that it was at fault in the instant tort incident as alleged in the original complaint; settlements or offers of settlement have never been considered admissions against interest binding on the parties making them. See e.g., § 90.408, Fla. Stat. (1981); McCormick, Handbook of the Law of Evidence § 274 (2d ed. 1972).[2]
For these reasons, the order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] Contrary to the plaintiff MGIC's contention, the indemnity complaint herein alleges that the original lawsuit filed by the minor child's personal representative proceeded on a fault theory against MGIC. See paragraph 7 of the second amended complaint. As such, the trial court did not go outside the four corners of the indemnity complaint, as urged, in considering this theory as part of the basis for its order of dismissal herein. Compare Broward Marine, Inc. v. New England Marine Corp. of Delaware, 386 So.2d 70, 73 (Fla. 2d DCA 1980).
[2] The settlement, however, may be admissible at trial for other purposes apart from an admission against interest. For example, an indemnitee who has settled with the injured party, after first having "vouched in" the indemnitor in the original suit, "may establish his liability to the third party [original plaintiff] in his action for indemnity by proving his potential liability to the third party and the reasonableness of the settlement." Wetherington, Tort Indemnity in Florida, 8 Fla.St.U.L.Rev. 383, 432 (1980). Also, the settlement may be admissible to show the extent of the indemnitee's damages.