JOHNSON, CLARENCE T., Jr., Associate Judge.
Borg-Warner Acceptance Corporation sued Levitz Furniture Corporation for Lev-itz’ refusal to repurchase certain consumer financing accounts which Levitz had allegedly assumed in a purchase agreement with Eric Adams Furniture, Inc. and Ka-plans.[1] Levitz filed third party indemnity actions against the Kaplans alleging breaches of contract and warranty against both of the Kaplans and fraud against Bernard Kaplan. The trial court rendered summary judgments for the Kaplans on both counts. We affirm.
There was no factual conflict in the record before the trial court concerning the claimed breaches of contract and warranty which would invoke the contractual indemnity provisions of the purchase agreement. As to the fraud count, Borg-Warner’s claim against Levitz is predicated on Levitz’ alleged express assumption of contingent liabilities of Eric Adams pursuant to the terms of the purchase agreement. Levitz’ assumption of these liabilities is triggered by notice provided by the purchase agreement. If Levitz did not have the required notice it is not liable to Borg-Warner and would have no liability to be indemnified for. If Levitz is liable to Borg-Warner, it is because it had the required notice and assumed the contingent liabilities and would, therefore, have no right to indemnity. Levitz’ liability, if any, would not be merely vicarious, constructive, derivative or technical. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
AFFIRMED.
COBB and COWART, JJ., concur.

. Bernard Kaplan was president of Eric Adams Furniture, Inc. and Norma Kaplan was a stockholder. Both signed the purchase agreement.