## ROSS v DAWKINS, INC., etc. and DAWKINS, INC. (Third Party Plaintiff) v OWEN-ILLINOIS, INC., et al. (Third Party Defendant)

### Case No. 86-8885-CA

Fourth Judicial Circuit, Duval County

September 26, 1989

**APPEARANCES OF COUNSEL**

**Charles P. Pillans,** for plaintiff.

**Bruce W. Robinson,** for third party defendant, Owens-Illinois, Inc.

**Frank W. Hession,** for defendant/third party plaintiff, Dawkins, Inc.

**Robert F. Spohrer,** for third party defendant, Alpine Engineered Products, Inc.

**OPINION OF THE COURT**

ROBERT L. COWLES, Circuit Judge.

## ORDER GRANTING MOTIONS FOR FINAL SUMMARY JUDGMENT OR IN THE ALTERNATIVE, MOTIONS FOR JUDGMENT ON THE PLEADINGS OF THIRD PARTY DEFENDANTS ALPINE ENGINEERED PRODUCTS, INC. AND OWENS-ILLINOIS, INC.

In this case, Plaintiff seeks compensation for personal injuries received in a construction accident involving an allegedly defective building truss. Plaintiff has sued the fabricator of the truss, Defendant Dawkins, Inc., (Dawkins). Dawkins, has filed Third Party Complaints against the designer of the truss, Alpine Engineered Products, Inc., (Alpine) and the lumber supplier, Owens-Illinois, Inc. (O.L.) The Amended Third Party Complaint filed by Dawkins on May 1, 1989, seeks common law indemnity from Alpine and O.I. Common Law indemnity is only available where the party seeking indemnity is entirely without fault. *Houdaille Industries, Inc. v Edwards,* 374 So.2d 490 (Fla. 1979).

Plaintiff, in his Amended Complaint dated April 13, 1988, seeks recovery from the Defendant Dawkins for negligence (Count I) and for strict liability (Count II). On March 31, 1989, this Court granted Dawkins' Motion for Summary Judgment with respect to the claim for negligence. Accordingly, the posture of the case at this time is that the Plaintiff Ross seeks to recover against Dawkins under a theory of strict liability and Dawkins seeks common law indemnity from Alpine and O.I.

In *Rabon v Automatic Fasteners, Inc.,* 672 F.2d 1231 (5th Cir. 1982), the Fifth Circuit Court of Appeals, applying Florida law, held:

Florida law regards one who is strictly liable as being at fault, that is, not merely vicariously liable (citations omitted), for that reason one who is strictly liable cannot recover indemnity under *Houdaille,* (citations omitted) *Rabon, supra,* at 1235.

Therefore, if Plaintiff is successful on its theory of strict liability against the defendant Dawkins, by definition, Dawkins is at fault and is therefore barred from any claims for common law indemnity under *Houdaille, supra.*

Therefore, it is:

ORDERED and ADJUDGED:

That the Motions of Third Party Defendants, Alpine Engineered Products, Inc. and Owens-Illinois, Inc. for Summary Judgment or in the alternative, for Judgment on the Pleadings are granted.

DONE and ORDERED in Jacksonville, Florida, this 26th day of September, 1989.