MINER, Judge.
In this appeal, The Travelers Insurance Company (Travelers) challenges a summary judgment entered against it on its suit for indemnification and contribution against appellee, VES Service Company. Travelers argues that the trial court granted summary judgment based on the erroneous belief that the suit was precluded by the wording of a stipulation that had been entered into in a previous action between other parties. We agree that the trial court erroneously interpreted the stipulation, and we reverse on that basis.
On December 14, 1985, Cathy Griffin entered a Burger King restaurant in Jacksonville intending to purchase food. While standing in the restaurant, a closed circuit security camera fell from the ceiling striking her and causing injuries. The camera was the property of appellee, VES Service Company, who had a contractual arrangement with Burger King whereby VES would maintain the equipment which it had leased to Burger King.
Cathy Griffin brought suit against Burger King alleging negligence. Prior to trial, Griffin and Burger King entered into a stipulation in which Burger King admitted liability. The stipulation, which was not expressly limited by its terms to the Griffin suit, contained the following language:
Defendant Burger King admits that the closed circuit camera was in its exclusive possession and that it was negligent in failing to secure the closed circuit camera to the ceiling and that its negligence was the legal cause of Cathy Griffin’s losses.
[[Image here]]
The closed circuit camera which struck Cathy Griffin was in the exclusive possession and control of defendant Burger King.
Following a trial on the issue of damages, a jury awarded Griffin $149,426.85.
*1350 In July 1989, Travelers, as subrogee for Burger King, filed suit against VES for indemnification and contribution. In its common law indemnity count, Travelers asserted that “the damages sustained by Cathy Griffin were entirely caused by the negligence of VES.” Contribution was sought to the extent VES was negligent “in failing to properly maintain the equipment and failing to correct any and all defects.”
Following an unsuccessful motion to dismiss, VES answered the complaint raising several affirmative defenses. Among these was VES’ assertion that Travelers, as subrogee for Burger King, was bound by Burger King’s admissions of negligence in the pretrial stipulation with Griffin. According to VES, these admissions precluded entitlement to indemnification or contribution because Burger King admitted that its negligence was the sole cause of Griffin’s injuries. VES later moved for summary judgment on these grounds. The trial court accepted VES’ argument and entered final summary judgment in favor of appel-lee/defendant, VES.[1]
On appeal, Travelers asserts error in what it views as the trial court’s expansive interpretation of the pretrial stipulation. Travelers also contends that the stipulation between Burger King and Cathy Griffin should not have been given preclusive effect in a subsequent suit between different parties. We agree with Travelers that the trial court erroneously interpreted the stipulation in a manner most favorable to the party moving for summary judgment (i.e., VES). -Consequently, we do not reach what appears to be a novel issue concerning the binding effect of the stipulation under these peculiar circumstances.
It is well established that when a trial court considers the record to determine the propriety of summary judgment, it is required to resolve all reasonable inferences against the movant. Moore v. Morris, 475 So.2d 666 (Fla.1985).
In the instant case, the trial court interpreted the stipulation between Burger King and Cathy Griffin as amounting to an admission on the part of Burger King that it was actively negligent, and that its negligence was the sole cause of the accident.[2] In arriving at this result, the trial court did not resolve reasonable inferences against VES, but instead, interpreted the stipulation in a manner that far exceeded the spirit of the agreement and intent of the stipulators. The method by which stipulations are construed in Florida has been expressed thusly:
A stipulation ... must be carefully examined to determine whether the language used actually discloses a clear, positive, and definite stipulated fact. The statement should not be vague or ambiguous. Nevertheless, it should receive a construction in harmony with the apparent intention of the parties. It is not to be construed technically, but rather in accordance with its spirit, in furtherance of justice, in the light of the circumstances surrounding the parties, and in view of the result that they were attempting to accomplish.
2 Fla.Jur.2d, Agreed Case and Stipulations, § 6; see Federal Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737 (1939).
That portion of the stipulation purporting to set forth “admitted facts” did not speak to Burger King’s active negligence; here, the parties stipulated that Cathy Griffin was a business invitee and that the falling *1351 camera was in Burger King’s exclusive possession and control. If Burger King intended to stipulate to active negligence, then Griffin’s status as a business invitee would be immaterial and out of place in the stipulation. See Hix v. Billen, 284 So.2d 209 (Fla.1973).
The portion of the stipulation upon which VES relies is found in the “statement of the case.” These admissions, quoted above, do not translate into a concession that Burger King was actively negligent and that its negligent acts were the only cause of Cathy Griffin’s injuries. Rather, when interpreted in light of the surrounding circumstances, it is susceptible of the interpretation that Burger King was the only negligent party as between it and Griffin. In short, Burger King stipulated that it was responsible for the injuries Griffin sustained in its restaurant, and that Griffin was not in any way responsible for her own injuries; or, stated another way, Burger King stipulated to passive negligence for a defective condition of its premises, and the absence of comparative negligence on the part of Griffin.
Although the trial court’s interpretation is consistent with certain language in what we find to be an ambiguous stipulation, such an interpretation is counter to the apparent intent of the parties. The record reveals that at the time the parties entered into the stipulation, Burger King had informed VES of its intent to seek indemnity or contribution. Because Burger King would have nothing to gain from an admission of sole and active negligence, and obtaining such a concession would not be a vital concern for Griffin, it is apparent to us that no such interpretation of the stipulation should be indulged. See Chouest v. A & P Boat Rentals, Inc., 472 F.2d 1026, 1029 (5th Cir.) (refusing to accept an interpretation of a stipulation whereby one of the parties “would have nothing to gain, and everything to lose”), cert. denied, 412 U.S. 949, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973).
For the foregoing reasons we reverse the final summary judgment and remand for such further proceedings as may be consistent with this opinion.
BOOTH, J., and WENTWORTH, Senior Judge, concur.

. The trial court made the following conclusions:
Since Burger King admitted active fault, its subrogee, The Travelers Insurance Company, is precluded from seeking indemnity from VES Service Company. See Houdaille Industries v. Edwards, 374 So.2d 490 (Fla.1979).
[[Image here]]
Burger King’s admissions in the amended pretrial stipulation precludes a finding that Burger King and VES were joint tortfeasors.
(Emphasis added).

. The finding of active negligence, as opposed to vicarious, constructive or derivative liability, effectively eliminated Travelers’ indemnity claim. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979). The finding that Burger King’s negligence was the sole cause of Griffin’s injuries similarly eliminated Travelers’ claim for contribution. See § 768.31, Fla.Stat. (1989).