Michael W. BROWN, Plaintiff,

v.

CSX TRANSPORTATION, INC., Defendant/Third–Party Plaintiff,

v.

Steelcase, Inc., a Michigan Corporation, and Perdue, Inc., a Florida Corporation, Third–Party Defendants.

No. 3:04–CV–161–J–HTS.

United States District Court, M.D. Florida, Jacksonville Division.

March 24, 2005.

James Read Holland, II, Wettermark, Holland & Keith, LLC, Jacksonville, FL; and Joseph A. Coffey, Jr., Robert E. Myers, and Lawrence A. Katz, Coffey, Kaye, Myers & Olley, Bala Cynwyd, PA, for Plaintiff.

James Theodore Bailey, Jr., James L. D'Andrea, Milton, Leach, Whitman, D'Andrea, Charek & Milton, P.A., Jacksonville, FL, for Defendant/Third–Party Plaintiff.

J. Dixon Bridgers, III, Vernis & Bowling of North Florida, P.A., Jacksonville, FL, and James Andrew Talbert, Bozeman, Jenkins & Matthews, Pensacola, FL, for Third–Party Defendants.

## *ORDER*

SNYDER, United States Magistrate Judge.

This cause is before the Court on the Motion to Dismiss (Doc. # 31; Perdue Motion) and Motion to Dismiss (Doc. # 32; Steelcase Motion) (collectively, Motions). The Motions are opposed. Defendant/Third Party Plaintiff, CSX Transportation, Inc.'s Response to Third Party Defendant (Perdue's) Motion to Dismiss (Doc. # 33); Defendant/Third Party Plaintiff, CSX Transportation, Inc.'s Response to Third Party Defendant (Steelcase, Inc.'s) Motion to Dismiss (Doc. # 34) (collectively, Responses).

In this case, Plaintiff alleges he was injured when a castor of the chair he was occupying broke and sent him crashing to the floor. Amended Complaint (Doc. # 12) ¶ 11. As he was an employee of Defendant and the incident occurred "in the performance of his duties," *id.*, Plaintiff filed suit under the Federal Employers' Liability Act (FELA), 45 U.S.C. 51 *et seq. Id.* ¶ 2.

A court should not dismiss for failure to state a claim " 'unless it appears beyond doubt that the [party] can prove no set of facts in support of his claim.' " *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir.1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

> In evaluating the sufficiency of a [pleading], a court must accept the well pleaded facts as true and resolve them in the light most favorable to the [nonmovant].... In seeking dismissal for failure to state a viable claim, a [movant] thus bears the very high burden of showing [the opposing party] cannot conceivably

prove any set of facts that would entitle him to relief.

*Id.* at 735–36 (citations and internal quotation marks omitted); *see also Sater Group, Inc. v. Divco Constr. Corp.,* No. 2:01CV610FTM29DNF, 2003 WL 1191212, at *1 (M.D.Fla. Jan. 9, 2003).

Nevertheless, "some minimal pleading standard does exist." *Jackson v. Bell-South Telecomm.,* 372 F.3d 1250, 1262 (11th Cir.2004) (internal quotation marks omitted). Parties bringing claims "must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263.

The Third–Party Defendants (hereinafter referred to as Defendants) have in their Motions taken the same position, with Defendant Steelcase, Inc. adopting the arguments in the Perdue Motion. Steelcase Motion at 1. According to the Motions, a logical paradox undermines the claims for indemnity contained in the Third Party Complaint (Doc. #15; Complaint) filed by CSX Transportation, Inc. (CSXT). Perdue Motion at [unnumbered] 3. The paradox flows from the alleged fact that, in this lawsuit, Plaintiff will either "prevail[ ] and establish[ ] negligence on the part of CSXT" or fail to do so. *Id.* at [unnumbered] 2. Plaintiff cannot succeed, it is urged, unless CSXT was at fault, and if CSXT was at fault it can have no indemnity claim under Florida law. *Id.* If Plaintiff fails to establish negligence and loses the lawsuit, there will be "nothing to indemnify and CSXT cannot recover from" Defendants. *Id.* at [unnumbered] 2–3.

CSXT responds that Defendants' "argument mistakenly assumes [it] cannot be held liable under the FELA solely for the active negligence of a third-party. The law says it can." Responses at 2. Since "FELA imposes upon CSXT a non-delegable duty to furnish its employees ... with a reasonably safe place to work[,]" liability can exist "even when its negligence is purely vicarious, technical, or passive." *Id.* at 3.

■ The Third–Party Plaintiff is correct. Due to CSXT's nondelegable duty, it is legally possible for Mr. Brown to prevail against it even if only Defendants were actually negligent. *See, e.g., Parsons v. Sorg Paper Co.,* 942 F.2d 1048, 1050 (6th Cir.1991); *Potthast v. Metro–North R.R. Co.,* 400 F.3d 143 (2d Cir.2005) ("[A] defendant cannot disclaim responsibility by contracting out non-delegable duties[.]").

As to whether CSXT can maintain a claim against Defendants for indemnity, Florida law controls. *See Armstrong v. Kansas City S. Ry. Co.,* 752 F.2d 1110, 1114 (5th Cir.1985) (citing authority from the old Fifth Circuit). Indemnity, in Florida, applies only "where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed." *Houdaille Indus., Inc. v. Edwards,* 374 So.2d 490, 493 (Fla.1979); *see also id.* (indemnification appropriate where "vicarious, constructive, derivative or technical liability" at issue).[1]

---

1. Indemnity "is allowable only where the *whole* fault is in the one against whom indemnity is sought." *Id.* "It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious[,] constructive, derivative, or technical liability, to another who should bear the costs because it was the lat-

ter's wrongdoing for which the former is held liable." *Mortgage Guar. Ins. Corp. v. Stewart,* 427 So.2d 776, 779 (Fla. 3d DCA 1983) (quoting *Houdaille,* 374 So.2d at 493). "A weighing of the relative fault of tortfeasors has no place in the concept of indemnity for the one seeking indemnity must be without fault." *Id.*

■ Defendants cite this test, Perdue Motion at [unnumbered] 2, but they do not explain how CSXT's claim fails to meet it. Indeed, the Complaint alleges "CSXT's liability if any, is purely technical and/ or vicarious whereas the liability of [Defendants] is in the nature of actual and active negligence[.]" *Id.* ¶¶ 9, 15. Thus, it appears CSXT has alleged its liability would be of the variety consistent with maintenance of an indemnity action. *See also Mortgage Guar. Ins. Corp.*, 427 So.2d at 779–80 (liability flowing from third party's negligent performance of nondelegable duty can be indemnified).

In view of the foregoing, it is hereby

**ORDERED:**

The Motions (Docs. ## 31, 32) are **DE-NIED.**